Veronica Leslie, Appellee, v. Standard Accident Insurance Company, Appellant.

Term No. 45M10.

Heard in this court at the October term, 1945. Opinion filed October 26, 1945. Released for publication January 17, 1946.

HAROLD BALTZ, of Belleville, for appellant.

HAROLD J. BANDY, of East St. Louis, for appellee.

Mr. Justice Culbertson delivered the opinion of the court.

This is an appeal from a judgment in the sum of $400 in favor of plaintiff appellee, Veronica Leslie (hereinafter called plaintiff), and against defendant appellant, Standard Accident Insurance Company (hereinafter called defendant), in the circuit court of St. Clair county, and which said case was tried before the court, without the intervention of a jury.

The factual situation out of which this litigation arises is largely without conflict. It appears from the evidence that under date of May 18, 1942, the defendant herein issued to the plaintiff herein its liability policy number CA–67460. A photostatic copy of the policy was attached to the complaint and by reference made a part thereof.

It appears from the evidence that under date of July 23, 1942, a cancellation notice was mailed by the defendant to the plaintiff herein, providing that cancellation of the hereinbefore referred to policy would become effective on July 29, 1942, at 12:01 a. m. Subsequent to the mailing of said notice, the defendant's agent Dowling talked to the plaintiff and as the result of the conversation, tried to replace the liability coverage in other companies, but was unsuccessful, except it does appear that he was able to secure collision coverage with a $50 deductible clause, instead of a $25 deductible clause for the plaintiff herein. It appears that the premium for this collision coverage was paid for out of the balance due to the plaintiff herein, and that on September 1, 1942 Dowling sent to the plaintiff herein, his credit memorandum for $23.68. Plaintiff denies ever having received the credit memorandum from Dowling. On the 6th day of September 1942, plaintiff's automobile was involved in an accident while being driven by an employee of the plaintiff, and in that accident one Kerrigan, a pedestrian, was injured, and also the car of one Kelley was damaged.

These parties filed suit to recover their damages from the plaintiff herein, and plaintiff notified defendant upon being served with summons of said suits, but the defendant herein refused to accept responsibility for the litigation on the ground that the policy had been cancelled as of July 29, 1942. It appears that plaintiff thereupon hired counsel of her own and defended in the two suits, and this action was brought for the recovery of attorney fees in the defense of said suits, and which attorney fees, it is stipulated, are reasonably worth $400.

An examination of the policy in question reveals that it contains the following language relative to cancellation:

"22. Cancelation.

"This policy may be canceled by the named insured by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancelation is effected, and, if not then made, shall be made as soon as practicable after cancelation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid, shall be

a sufficient tender of any refund of premium due to the named insured.''

It is not contended in this case that the notice of cancellation was not mailed, nor is it contended that it was not received, but it is claimed by the plaintiff herein that the failure on the part of the defendant herein to return to her the unearned premium upon cancellation of her policy, caused the policy to remain in full force and effect, and that it was in full force and effect on the day and date of the accident for which suits were brought against her, and it is the further contention of the plaintiff herein that upon the cancellation of her policy the return of the unearned premium was a condition precedent to the cancellation of the policy.

██ ██ We now direct our consideration to the provisions of the policy hereinbefore set out. It is not the function of courts to make new contracts for parties by construction, and where the parties are competent to contract and the provisions of the contract are not against the public policy of the State, the parties are bound thereby (*Coons v. Home Life Ins. Co. of New York*, 368 Ill. 231; *Soucie for use of Ziems v. Illinois Agricultural Mut. Ins. Co.*, 323 Ill. App. 456). The relationship existing between the insurer and the assured is a contractual relationship and there is no element of a trust relationship involved. If the parties are competent to contract they have the legal right to put into their contract such provisions as they deem fit, and the reasonableness or wisdom of the provisions used are not matters of moment to the court construing them.

██ We are very mindful of the rule of construction to be applied to insurance contracts that the construction is to be made most strongly against the insurer, applies only where the language used is ambiguous, and where provisions of an insurance contract are not ambiguous, it is the duty of the court to apply to the

words used their ordinary meaning and neither party can be favored in the construction (*Abt v. National Surety Co.*, 230 Ill. App. 242). The rule of construing language of an insurance policy most strongly against the insurer does not permit the perversion of unambiguous language for the purpose of creating an ambiguity (*Grimes v. Maryland Casualty Co.*, 300 Ill. App. 62).

The cancellation clause in the policy by its own terms definitely fixes the time when cancellation becomes effective. The provision that if the policy is canceled by the insured, the notice of cancellation shall state when cancellation becomes effective, and, likewise, when the company cancels, excepting that in the latter case, five days shall intervene between the notice and the effective date of the policy. The pertinent language in the clause is the third sentence, "The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period." To effect cancellation, nothing else need be done but the giving of this notice. By giving the notice, and upon passage of time, the end of the policy period occurs when the date and the hour stated in the notice is reached. An examination of the policy does not reveal any language therein contained which makes the return of the unearned premium a condition precedent to cancellation, but on the other hand, by its very terms, the cancellation clause provides that the return need not be made at the time the cancellation becomes effective. It would seem to us that the language of this clause makes the return of the unearned premium a consequence of cancellation, instead of a condition precedent to cancellation.

We, therefore, conclude that the policy having been canceled on July 29, 1942, in the manner provided by the policy itself for its cancellation, that said policy was not in effect on the 6th day of September 1942,

and that, therefore, no liability attached to the defendant herein to pay the attorney fees herein sought to be recovered, and that the action of the trial court in holding to the contrary was ·erroneous, and is, accordingly, reversed.

*Reversed.*