Melville O. Parks, Appellee, v. Lumbermans Mutual Casualty Company, Appellant.

Gen. No. 43,186.

Heard in the third division of this court for the first district at the October term, 1944. Opinion filed December 20, 1945. Rehearing denied January 8, 1946. Released for publication January 8, 1946.

ROWE & BAILEY, of Chicago, for appellant; JOSEPH A. BAILEY and JAMES P. MOORE, both of Chicago, of counsel.

IRVING BREAKSTONE, of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action to recover on a public liability and property damage insurance policy. The trial by the court without a jury resulted in judgment April 21, 1944 for plaintiff for $159.50 and costs. Defendant has appealed.

The facts are stipulated. The policy issued April 11, 1943. Defendant gave plaintiff notice June 24, 1943 of its cancellation of the policy, effective July 6, 1943. Plaintiff was involved in an accident July 9, 1943. He reported the accident to defendant the next day. Following the accident, plaintiff was sued for damages arising therefrom which resulted in a judgment against him on December 8, 1943 of $79.50. Defendant refused to defend plaintiff in the suit and the latter as a result was obliged to pay attorney's fees of $75.00. At the time defendant sent its notice of cancellation there was due plaintiff $3.65 unearned premium which he had paid on the policy. This sum had

not been paid him at the time the judgment appealed from was entered.

A question of law is presented whether refund to plaintiff of the unearned premium was a condition precedent to cancellation of the policy.

Construction of the cancellation provisions of the insurance policy is involved. Each party was empowered to cancel the policy upon written notice and the defendant's notice had to be given at least five days before cancellation became effective. The notice could be mailed or delivered. The essential provision recited:

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected, and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be sufficient tender of any refund of premium due to the named insured."

The parties were free to contract for insurance, subject to legal restrictions. It is not contended that there is any Illinois statute which restricted the right of these parties to make whatever agreement they wished with respect to the time of payment of the unearned premium. The question is what the parties meant. If the meaning is ambiguous, the construction will have to favor plaintiff.

We have read the cases cited, by the parties, and many others. The language of the unearned premium refund provision differs widely in the cases we have read. There are many decisions covering the so-called "standard cancellation clause" and a conflict manifested therein in a majority and minority view with Illinois joined to the majority. 127 A. L. R.

1347. The majority rule requires refund of the unearned premiums as a prerequisite to cancellation. The so-called "standard cancellation clause" is considered in, and the conflict can be observed in a reading of, the following cases. *Damen & Jarvis Bldg. Corp. v. Mechanics Insurance Co.*, 83 Fed. (2d) 793; *Schwarzchild & Sulzberger Co. v. Phoenix Insurance Company*, 124 Fed. 52; *Department of Labor & Industry v. Northwest Mutual Fire Ass'n* [13 Wash. (2d) 288], 124 Pac. (2d) 944; (The standard clause was not in the contract in this case, but was discussed.) *Hartford Fire Insurance Co. v. McKenzie*, 70 Ill. App. 615; *Peterson v. Hartford Fire Insurance Co.*, 87 Ill. App. 567; *Kinney v. Caledonia Ins. Co.*, 148 Ill. App. 256; *Kinney v. Rochester German Ins. Co.*, 141 Ill. App. 543; *Hartford Fire Ins. Co. v. Tewes*, 132 Ill. App. 321.

We are not concerned here with a standard cancellation clause and those cases are not applicable in view of the contracting rights of the parties. It is interesting to note, however, that the *McKenzie case*, the first Illinois case to announce the rule on the "standard cancellation clause", based its decision upon *Peoria Marine Fire Insurance Co. v. Botto*, 47 Ill. 516 and *Aetna Insurance Co. v. Maguire, et al.*, 51 Ill. 342. In the *Botto case* the policy provided that the company could elect to cancel "in which case the company will refund the premium for the unexpired time." In the *Maguire case* the cancellation clause is not set out, and the court said that under the fifth provision of the policy there could be no cancellation unaccompanied by a return of the unearned premium. Most of the later Illinois Appellate Court cases repeating the rule, cited the *McKenzie case* as authority.

The United States Court of Appeals for the 7th Circuit in the *Damon & Jarvis Bldg. Corp. case*, pointing out that the Illinois Supreme Court had not construed the standard cancellation clause, did not con-

sider itself bound by the Illinois decisions and construed the clause in accordance with the minority rule. It said of the several Appellate Court cases on the subject, that only the *National Hotel Company v. Merchants Fire Assurance Corp.*, 183 Ill. App. 71 based its decision solely on the ground that the refund was a condition precedent to cancellation. The opinion in the National Hotel case does not set forth the cancellation provision, but says that ''The policy . . . authorized the Company to cancel . . . and required the Company, in such case, to return the unearned pro rata premium.'' This is not the standard clause and appears to be precisely the same as the provision in the *Botto case.*

In the *Annes v. Carolan*, 336 Ill. 542, 549, the Supreme Court of Illinois said its attention had not been called to any case wherein it had decided that the refund was a condition precedent to cancellation where there was no provision for its return but ''this has been the holding of the Appellate Court in several cases.'' The court then decided that payment to Annes of the unearned premium was required prior to the cancellation. There was, so far as the opinion shows, no provision in the policy with respect to the refund. The court did not name the Appellate Court cases referred to. We assume they are those which we have cited hereinabove. We have stated that they contain the ''standard cancellation clause'' and the inference may be justified in the language of the Supreme Court that it might hold that the standard clause did not provide a return of the unearned premium.

In *Summers v. Travelers Ins. Co.*, 109 Fed. (2d) 845, the Circuit Court of Appeals for the 8th Circuit considered a provision that the company ''upon demand'' should refund the excess premium. It held that the refund was not a condition precedent, but was a ''consequence of cancellation.'' In *Department of Labor & Industry v. Northwestern Mutual Fire Ass'n,*

the Supreme Court of Washington considered a provision that the company could cancel by notice in writing "with or without tender of the excess of paid premium . . . ." It held that a notice without tender was effective to cancel the policy.

We have been referred to no Supreme Court opinion construing either the "standard cancellation clause" or the precise clause before us. The United States District Court for the Eastern District of Illinois pointed out the desirability of a construction of the instant provision by the Illinois Courts. *Standard Accident Insurance Company, et al. v. Leslie, et al.,* 55 Fed. Supp. 134.

Where the policy provides that the refund shall be made as a condition precedent to, or simultaneously with, cancellation there is no difficulty. The obligation of the insurer is clear. Where the policy is silent on the subject, *Annes v. Carolan,* applies to require the refund prior to cancellation. Where there is an ambiguous provision with respect to the refund, it should be construed to require the refund prior to cancellation. The provision before us is not silent on the subject, nor is it ambiguous. It provides that the company *may* adjust the premium at the time of cancellation but *shall* as soon as practicable thereafter. It is not contended here that the refund was not made "as soon as practicable" after the cancellation notice. It is insisted that the cancellation was not effected because the refund was not made with notice of cancellation.

The defendant had the privilege of adjusting the premium at the time cancellation was effected. It had the obligation, in the event it did not exercise the privilege, to do so as soon as practicable after the cancellation became effective. In view of these considerations, we believe the apparent ambiguity in the last sentence in the provision of the policy under consideration is dissipated. We think it means that the de-

fendant in exercising the privilege or fulfilling the obligation, in making the premium adjustment, may mail or deliver its check in the same way that mailing or delivering of the notice of cancellation was made. The provision with respect to the notice of cancellation provided that delivery by either party should be equivalent to mail, and that mailing of notice should be sufficient proof of the notice. We believe, therefore, that the policy had been canceled prior to the accident and that defendant was not liable upon the policy.

Because of that conclusion we need not consider the question which plaintiff has raised with respect to attorney's fees for defendant's vexatious refusal (Ill. Rev. Stats. Chap. 73, Par. 767 [Jones Ill. Stats. Ann. 66.830]) to pay the amount of the judgment against plaintiff.

For the reasons given the judgment of the Municipal Court is reversed and the cause is remanded with directions to enter judgment for the defendant.

*Judgment reversed and cause remanded with directions.*

LEWE and BURKE, JJ., concur.