Turney, Appellant, *v.* Allstate Insurance
Company et al.

Argued April 11, 1950. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Leland W. Walker,* for appellant.

*William W. Matson,* with him *George Y. Meyer,
Clarence L. Shaver* and *Shaver & Heckman,* for ap-
pellees.

OPINION BY RHODES, P. J., July 20, 1950:

This is an action in assumpsit by plaintiff on a policy of automobile insurance issued by defendant. The court below sustained defendant's preliminary objections to plaintiff's complaint and held that, under the terms of the insurance contract and the admitted facts, the policy had been effectively canceled by the insurer before the loss occurred.

The following facts which appear from the pleadings are not disputed: The policy providing for collision insurance on plaintiff's automobile was issued by defendant on November 5, 1948, at a total premium of $53.71, and extended for a period of six months. On November 23, 1948, defendant mailed written notice of cancellation of the policy to plaintiff, the insured, stating that cancellation was to be effective November 30, 1948. On December 5, 1948, plaintiff's car was damaged by collision, and plaintiff suffered a loss to the extent of $1,200 after allowing for the salvage value of the car. On December 28, 1948, plaintiff by his attorney notified defendant of the loss and requested payment under the policy. On December 30, 1948, defendant advised plaintiff that it denied liability for the reason that the policy had been canceled as of November 30, 1948, which was before the loss; and it returned to plaintiff the unearned premium of $48.71.

The section in the policy relating to cancellation provided as follows: "This policy may be canceled by the named insured by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancela-

tion stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after cancelation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured."

Plaintiff has appealed from judgment for defendant.

The single question presented is whether, as a matter of law, under the cancellation clause of the policy, defendant could cancel the policy merely by written notice to the insured, or whether the return of the unearned premium was also required as a condition precedent to cancellation.

Appellant relies upon *Gosch v. Firemen's Insurance Co.*, 33 Pa. Superior Ct. 496, which holds that, under the terms of the fire policy there involved, return of the unearned premium was a condition precedent to effective cancellation by the insurer. But the contract of insurance relating to cancellation was the determining factor. In the *Gosch* case and similar cases the contracts involved were somewhat ambiguous and capable of a construction which, under equitable principles, required the rescinding party to return the premium as a condition of cancellation. In the present case the contract is unambiguous and expressly gives defendant the right to cancel upon notice; return of the premium is treated separately, and is to take place as soon as practicable or within a reasonable time after notice of cancellation.

The distinction between the present case and the *Gosch* case is apparent from the following statement by Judge HEAD in the latter case (33 Pa. Superior Ct. 496, 502) : "Of course where the right to cancel has been expressly reserved in the contract itself, then the extent of the right and the conditions upon which it may be exercised must be determined by a reference to the contract rather than to principles of general law." Since the *Gosch* case the Act of May 17, 1921, P. L. 682, Art. V, §523, as amended and superseded by the Act of April 25, 1945, P. L. 307, 40 PS §§657, 658, was passed. It prescribed a standard form for fire insurance policies issued by stock companies, including a standard clause relating to cancellation. In *Pomerantz v. Mutual Fire Insurance Co.*, 279 Pa. 497, 500, 124 A. 139, the Supreme Court distinguished the *Gosch* case and indicated, although it did not expressly decide the point, that under the cancellation clause in fire policies prescribed by the Act of 1921, return of the unearned premium was not a condition precedent to cancellation by the company. Cf. *Letvin v. Phoenix Insurance Co.*, 91 Pa. Superior Ct. 422, 427.

Where, as here, there is no statute governing the particular type of insurance policy or requiring a different result, courts have enforced the terms of the contract as drawn, and have permitted the insurer to cancel upon proper notice without return of the unearned premium as a condition precedent. *Wallace v. State Farm Mutual Automobile Insurance Co.*, 187 Tenn. 692, 216 S. W. 2d 697; *Parks v. Lumbermans Mutual Casualty Co.*, 327 Ill. App. 356, 64 N. E. 2d 210; *Leslie v. Standard Accident Insurance Co.*, 327 Ill. App. 343, 64 N. E. 2d 391; *Department of Labor and Industries v. Northwestern Mutual Fire Ass'n.*, 13 Wash. 2d 288, 124 P. 2d 944; *Summers v. Travelers Insurance Co.*, 109 F. 2d 845, 127 A. L. R. 1336; *Gendron v. Calvert Fire Insurance Co.*, 47 N. M. 348, 143 P. 2d 462, 149 A. L. R. 1310; Annotation, 127 A. L. R.

1341-1367; 6 Couch on Insurance, §1443, p. 5104; 29 Am. Jur., Insurance, §290, p. 268; 45 C. J. S., Insurance, §451. In the *Wallace, Parks,* and *Leslie* cases the policy provisions relating to cancellation were identical with those in the present case, and the courts reached similar results. In *Parks v. Lumbermans Mutual Casualty Co.,* supra, 327 Ill. App. 356, 64 N. E. 2d 210, 212, there is a sound analysis of the problem here presented: "Where the policy provides that the refund shall be made as a condition precedent to, or simultaneously with, cancellation there is no difficulty. The obligation of the insurer is clear. Where the policy is silent on the subject, . . . [some cases] require the refund prior to cancellation. Where there is an ambiguous provision with respect to the refund, it should be construed to require the refund prior to cancellation. The provision before us is not silent on the subject, nor is it ambiguous. It provides that the company *may* adjust the premium at the time of cancellation but *shall* as soon as practicable thereafter." Cf. *Fischer & Porter Co. v. Porter,* 364 Pa. 495, 72 A. 2d 98.

In *Verecchia v. De Siato,* 353 Pa. 292, 45 A. 2d 8, a case involving an automobile liability policy containing a cancellation clause identical in its terms with that in the present policy, the Supreme Court affirmed, per curiam, the action of the lower court in granting a new trial for the purpose of submitting to the jury the controlling question of whether notice of cancellation had been duly mailed to the insured. The "return" premium was not sent to the insured until some time after the alleged notice of cancellation and after the loss. The court below stated (page 295 of 353 Pa., page 8 of 45 A. 2d) : "However, the policy obliged the company only to make the refund of premium as soon as practicable after cancellation had become effective."

We know of no reason why the contract should not be enforced according to its terms. Appellant does not con-

tend that the premium was not returned "as soon as practicable." Consequently, under the admitted facts, the cancellation of the policy was effective before appellant's loss.

The judgment is affirmed.