## WOODARD v. CALVERT FIRE INS. CO. et al.

Court of Appeals of Kentucky.

May 4, 1951.

Wade & Mapother, Louisville, for appellant.

Mahan, Davis & Mahan, Edwin O. Davis, all of Louisville, for appellees.

STEWART, Justice.

Appellant, Johnnie J. Woodard, instituted this action in the Second Division of the Common Pleas Branch of Jefferson Circuit Court to recover from appellee, Calvert Fire Insurance Company, a corporation, on a contract of automobile collision insurance. The facts in this case are undisputed and the issue to be determined is raised entirely by the pleadings. Appellee, Commercial Credit Corporation, was made a party defendant below because it has an unsatisfied lien claim of $1484.90, secured by a recorded conditional sales

agreement, against the motor vehicle involved in this litigation.

Appellant's petition alleges, so far as pertinent here, that he purchased the policy sued upon from the Insurance Company on August 31, 1948, by the terms of which the latter agreed to insure Woodard's automobile against all loss or damage by collision or upset for a period of one year from the date thereof for the amount of the actual cash value of the car; that on February 19, 1949, while the policy was in full force and effect, the automobile was involved in an accident and damaged to the extent of $1800; and that he is entitled to recover the amount just mentioned, plus interest at 6% thereon from the date of the wreck.

In its answer, the Insurance Company relied upon its cancellation of the policy as a complete defense to appellant's cause of action, averring that, under date of February 11, 1949, it gave written notice by mail to Woodard at his address contained in the policy that its liability under the policy would cease to be in force at 12:01 A.M. Standard Time on the 19th day of February, 1949. Also, on February 11, 1949, the date the cancellation notice was sent to Woodard, the unearned premium was forwarded to and in the regular course of the mails was received by the Commercial Credit Corporation at Louisville, Kentucky.

Appellant demurred to the affirmative allegations of the Insurance Company's answer. The demurrer was overruled and his petition was dismissed after Woodard refused to plead further. Appellant appeals from the judgment below contending, as a sole ground for reversal, that the policy sued on herein was not cancelled because the Insurance Company failed to return the unearned premium to him as the insured.

To resolve the question that has been raised, we must interpret the policy provisions bearing upon this point. The cancellation clause in the policy reads:

"This policy may be canceled by the insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice, and the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing.

"If the insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premiums adjustment may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after cancelation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the insured."

There is an endorsement on the policy as follows:

"The assured under this Policy is the above named insured and Commercial Credit Company and/or Affiliated Companies and/or Subsidiaries. Loss, if any, to be adjusted with the insured, though to be paid, subject to all the conditions of this Policy, only to the Commercial Credit Company, for the account of all interest."

We said in Equitable Life Assurance Society of the United States v. Adams, 259 Ky. 726, 83 S.W.2d 461, that it is a matter of general knowledge that policies of insurance seldom, if ever, contain identical terms or conditions, or employ the same words, phrases or clauses; therefore, each policy must be construed as it is written and applied to the developed facts of each particular case. The policy stipulations we have above quoted have never been interpreted by this Court, but the courts of other jurisdictions have given, in our opinion, rational legal meaning to the language employed in the policy under consideration. We shall cite and re-

ly upon those decisions of other states that we believe set forth the majority rule of law applicable to the point in issue here.

 Turning to the cancellation clause of the policy in the case at bar, we find that the language is clear and unequivocal. The contract expressly gives the Insurance Company the right to cancel upon notice; return of the unearned premium is treated separately, and may take place as soon as practicable or within a reasonable time after notice of cancellation is delivered. Where, as here, there is no statute governing the particular type of insurance or requiring a different result, courts have generally enforced the terms of the policy contract as drawn, and have permitted the insurer to cancel upon proper notice without return of the unearned premium as a condition precedent. Wallace v. State Farm Mut. Automobile Insurance Co., 187 Tenn. 692, 216 S.W.2d 697; Parks v. Lumbermens Mut. Casualty Co., 327 Ill.App. 356, 64 N.E.2d 210; Leslie v. Standard Accident Insurance Co., 327 Ill.App. 343, 64 N.E.2d 391; Annotation, 16 A.L.R.2d, pp. 1200–1208. In the Wallace, Parks and Leslie cases the policy provisions relating to cancellation were practically identical with those in the case at bar, and the courts in all three decisions reached similar conclusions. of law. The Wallace case, after quoting with approval from the Parks and Leslie opinions, held as follows:

"In any way we look at the matter, the balance in the hands of the company after the cancelation, merely creates a debtor creditor relationship. The policy contract does not require of Wallace (the policy holder) that he make demand for his unearned premium. The company merely says it will either pay this 'at the time cancelation is effected' or it 'shall be made as soon as practicable' thereafter. This was merely a promise by the company that if the return premium did not come with the cancelation that it would be made with all promptitude considering the surrounding facts as to how long it would take to calculate this unearned premium. The language 'as soon as practicable' means [within] a reasonable time." [187 Tenn. 692, 216 S.W.2d 700.]

 We do not agree with appellant's contention that the unearned premium should have been paid to him to make the cancellation of the policy effective. Under an indorsement on the policy the finance company was designated as a coinsured to whom losses should be paid on account of all interest. Therefore, when the Insurance Company paid the Commercial Credit Corporation instead of appellant it did not violate the terms of the contract of insurance. The case of Gendron v. Calvert Fire Insurance Co., 47 N.M. 348, 143 P.2d 462, 466, 149 A.L.R. 1310, is identical in every respect with the one at hand. In passing on the exact question we have before us on this appeal, the Gendron opinion held:

"There is likewise no merit to appellant's contention that there should have been a tender of the unearned premium before cancellation could become effective. And, under the circumstances of this case, no significance can attach to the fact that the refund of unearned premium was sent to the Commercial Credit Corporation and thereafter applied by it upon appellant's indebtedness."

We know of no reason why the contract of insurance under consideration should not be enforced according to its terms. Under the admitted facts it is this Court's opinion that the method employed to cancel the policy in the present case was sufficient for all purposes and the cancellation became effective before appellant's loss.

The judgment is affirmed.