Guiseppe Scapes, Plaintiff Below, Appellant, v. Joseph W. Orr, Defendant Below. Allstate Insurance Company, Garnishee Below, Appellee.

### Gen. No. 46,240.

Opinion filed May 11, 1954. Released for publication June 3, 1954.

SAMUEL NICOSIA, of Chicago, for appellant.

PETRUCELLI, O'BRIEN & MULLEN, of Chicago, for appellee; A. J. PETRUCELLI, of Chicago, of counsel.

Mr. Presiding Justice Schwartz delivered the opinion of the court.

Plaintiff brought a garnishment proceeding against the Allstate Insurance Company in order to recover on a judgment he had secured against the insured defendant for $3,500. The garnishee-defendant contends that the insurance policy had been cancelled as of October 18, 1951, for nonpayment of premium and was not in force on November 1, 1951, the date of the accident. The case came to trial on this issue and the trial court rendered a judgment in favor of the garnishee-defendant.

Defendant had a policy expiring September 16, 1951. On August 13, 1951, the insurance company prepared and mailed to him an extension of the insurance from September 16, 1951, to September 16, 1952, although as yet the premium therefor had not been paid. Some time in September it mailed to the insured a notice of premium due on the extended policy in the amount of $81.33 and also advised him that upon the payment of a fifty-cent fee he could use an easy-payment plan, paying the first installment of $33.83 before September 16, 1951, and the balance of $47.50 in two installments of $23.75 each, one due in three months and one in six months. On September 22, 1951, the insured paid $15 to an agent for the insurance company who had his office at the Lawrence avenue store of Sears Roebuck & Company and who told the insured that the payment would hold the policy open. On September 24, 1951, the accounting department of the insurance company, not being advised that the insured had paid the $15 on September 22, sent him a cancellation notice, canceling the policy effective October 1, 1951. Shortly thereafter, the accounting department, being advised of the payment of $15 by the insured, mailed him a notice of reinstatement effective as of October 1, 1951. On October 11, 1951, they again sent him a notice of cancellation

effective as of October 18, 1951, because $18.83 was still owing on the first installment of $33.83. The insured denied receiving this notice, but the policy provides that proof of mailing to the address shown in the policy shall be sufficient, and this proof was made. On November 1, 1951, the accident in question occurred.

 The first question is whether or not the cancellation notice dated October 11, 1951, was effective. It is claimed that it was not because it was incumbent upon the insurance company as a condition prerequisite to cancellation under paragraph 21 of the policy to return the unearned portion of the $15 which the insured had paid. Defendant's contention is that paragraph 20 must be read together with paragraph 21, and when so read the return of unearned premium is not a condition prerequisite to cancellation. The two paragraphs read as follows:

"20 CANCELLATION:

"This policy may be canceled by the named insured by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancellation is

effected, and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The company's check or the check of its representatives mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured.

"21. CANCELLATION FOR NON-PAYMENT OF PREMIUM:

"Upon the failure of the first named insured to pay any installment of the premium as provided in the declarations, the insurance shall cease and terminate, provided at least five days notice is mailed by the company to the first named insured at the address shown in this policy stating when such termination shall become effective. Such termination shall be deemed to have been made upon the request of the first named insured and shall be on a short rate basis."

It will be noted that under paragraph 20 the insurance company may, without setting forth any reason, cancel the policy and that the premium adjustment may be made at the time of cancellation *or as soon as practicable after cancellation becomes effective.* In paragraph 21, on the other hand, nothing is said about the return of any unearned portion; rather, it is provided that the termination shall be deemed to have been made at the request of the insured and on a short-rate basis. On that basis, the $15 payment extended the insurance to October 15, 1951. Plaintiff contends that under the rule that the provisions of an insurance policy are to be construed most strongly against the insurer, paragraph 21 should be construed without reference to paragraph 20, and since paragraph 21 is silent on that question, the return of unearned premium is a condition prerequisite to cancellation. If plaintiff's position were sustained, it would follow that where cancellation is made for no stated reason, the return of the premium

is not a prerequisite, but if cancellation is made for a stated reason, then it is. This in our opinion is not a reasonable construction of this policy. Moreover, it will be noted that the insured is likewise given the right to cancel the insurance without stating any reason therefor, and in such a case the short rate applies, whereas when the company cancels under paragraph 20, a pro rata adjustment is made. This ties in with the last sentence of paragraph 21 which provides that with respect to cancellation made for default in premium, the termination shall be deemed to have been made upon the request of the insured and shall be on a short-rate basis, that is, the basis which in paragraph 20 is the one used when the insured cancels. This explains the language used in paragraph 21. The language of paragraph 20 covers more fully the manner of notice so as to include not only mailing but delivery as well. All of this clearly reveals that these paragraphs are to be read together. The provisions of an insurance policy, like those of any other contract, are to be construed together. When there is a reasonable doubt or ambiguity, the provisions of the policy are construed against the insurer, but to hold with the plaintiff in the instant case would unreasonably strain this rule.

The provisions of a policy substantially identical with those in the instant case were construed by the Third Division of this court in *Parks v. Lumbermans Mutual Casualty Co.*, 327 Ill. App. 356, 64 N.E.2d 210. The court held that the return of the unearned premium was not a condition precedent to cancellation. To the same effect are *Leslie v. Standard Accident Ins. Co.*, 327 Ill. App. 343, 64 N.E.2d 391, and *Turney v. Allstate Insurance Co.*, 74 A.2d 730 (Super. Ct., Pa.).

■ Plaintiff cites *Barr for Use of Senft v. Country Mutual Casualty Co.*, 345 Ill. App. 199, and *Annes v. Carolan, Graham, Hoffman, Inc.*, 336 Ill. 542. The pol-

icies involved in those cases were substantially different from that in the instant case. In the *Barr* case, the policy provided that the "unearned portion of such cash premium shall be returned on surrender of the policy, the Company retaining the customary short rate, except that when this policy is cancelled by the Company giving notice, it shall retain only the pro rata cash premium." In the *Annes* case, *supra,* there was no provision with respect to the return of the unearned premium portion, and the court quoted from 32 C. J. 1252, holding that unless the policy provided otherwise, the return of the unearned premium was a condition precedent to cancellation. It is our conclusion that in the instant case, return of unearned premium is not a condition prerequisite and that the notice of October 11 was a proper and effective cancellation of the policy as of October 18th.

■■ Plaintiff next contends that there was a waiver which estopped the insurance company from cancelling the policy. He bases this upon the insured's payment of $15 made September 22, 1951 at the Lawrence avenue store of Sears Roebuck & Co., where the insurance company maintained a booth for its agents to take applications for insurance and to receive premium payments. The insured testified that he had received the prior notice that $33.83 was due and that he had a conversation with the agent about this. He inquired if upon paying $15 that would hold the policy open for him and prevent it from being cancelled and the agent said "Yes, I believe," and "so I told him that was all I had at the time, and I made the payment of $15, and he wrote me out a receipt for it." Under questioning of the court the insured said he did not ask the agent how long this would hold the policy open nor did the agent tell him; that nothing was said about payment of the balance of $18.83 although the agent said it was due. The finding of the court was that there was

no waiver or estoppel. This was a finding of fact. Even if there were a waiver with respect to the default set forth in the notice of September 24 that could not preclude the insurance company from serving another notice with respect to a default in payment of premium and from taking such action as might be necessary. Sometime or other, the balance had to be paid. It is undisputed that on a short-rate basis the payment of $15 would buy insurance only to October 15, 1951. If the insurance company had relied upon the notice of September 24 given prior to the time its accounting department knew of the payment of $15, a different and more plausible case of waiver would have been presented. However, it did not rely on that notice but gave another notice and as to that, there is no basis for any defense of waiver.

*Judgment affirmed.*

Robson, J., concurs.
Tuohy, J., took no part.