**AMERICAN FIRE AND CASUALTY COMPANY, Appellant,**

v.

**Ed COMBS, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1954.

W. W. Reeves, Hazard, Redwine & Redwine, M. C. Redwine, Winchester, for appellant.

Noble, Noble & Noble, C. A. Noble, Sr., Hazard, for appellee.

WADDILL, Commissioner.

The appellee, Ed Combs, instituted this action against the appellant, American Fire and Casualty Company, to recover on a contract of automobile collision insurance. The insurance company defended the action upon the grounds that: (1) it had canceled the policy before appellee had suffered his alleged loss, and (2) appellee had no insurable interest in the automobile upon which the policy had been issued. Upon trial, appellee obtained a judgment for $1300.

In view of the fact that we have decided that the cancellation of the policy became effective prior to appellee's loss, we shall confine our discussion to that phase of the case.

The appellant issued and delivered an insurance policy to the appellee in June, 1948, insuring appellee's Ford truck against loss or damage by collision or upset for a period of one year from the date thereof for the amount of the actual cash value of the car. On July 28, 1948, appellee traded his truck in on the purchase of an Oldsmobile automobile. By an endorsement on the original insurance policy, issued August 11, 1948, the appellant insured the Oldsmobile car under the same terms as it had insured the appellee's truck.

According to the testimony of Charles E. Hagar, vice-president of the appellant company, which the appellant attempted to introduce in evidence, but which the court erroneously excluded, the appellant canceled the policy on October 14, 1948, by mailing written notice thereof to appellee at his address in Ison, Kentucky, on October 8, 1948. The cancellation clause in the policy reads:

"This policy may be canceled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour

of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancellation is effective and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured."

The appellee urges that the attempted cancellation of his policy was ineffective as he did not receive the cancellation notice, and because the company has not returned the unearned premium to him.

In Woodard v. Calvert Fire Ins. Co., Ky., 239 S.W.2d 267, 269, which involved the insurance company's right to cancel a policy under a cancellation clause identical with the one in the instant case, the court held that proof of the mailing of the cancellation notice by the company to the assured's address shown in the policy was in compliance with the terms of the contract and was sufficient. Concerning the return of the unearned premium, the court said:

"* * * The contract expressly gives the Insurance Company the right to cancel upon notice; return of the unearned premium is treated separately, and may take place as soon as practicable or within a reasonable time after notice of cancellation is delivered. Where, as here, there is no statute governing the particular type of insurance or requiring a different result, courts have generally enforced the terms of the policy contract as drawn, and have permitted the insurer to cancel

upon proper notice without return of the unearned premium as a condition precedent. Wallace v. State Farm Mut. Automobile Insurance Co., 187 Tenn. 692, 216 S.W.2d 697; Parks v. Lumbermens Mut. Casualty Co., 327 Ill.App. 356, 64 N.E.2d 210; Leslie v. Standard Accident Insurance Co., 327 Ill.App. 343, 64 N.E.2d 391; Annotation, 16 A.L.R.2d, pp. 1200–1208. In the Wallace, Parks and Leslie cases the policy provisions relating to cancellation were practically identical with those in the case at bar, and the courts in all three decisions reached similar conclusions of law. The Wallace case, after quoting with approval from the Parks and Leslie opinions, held as follows:

"'In any way we look at the matter, the balance in the hands of the company after the cancelation, merely creates a debtor creditor relationship. The policy contract does not require of Wallace (the policy holder) that he make demand for his unearned premium. The company merely says it will either pay this "at the time cancelation is effected" or it "shall be made as soon as practicable" thereafter. This was merely a promise by the company that if the return premium did not come with the cancelation that it would be made with all promptitude considering the surrounding facts as to how long it would take to calculate this unearned premium. The language "as soon as practicable" means (within) a reasonable time.'" (187 Tenn. 692, 216 S.W.2d 700.)

"We do not agree with appellant's contention that the unearned premium should have been paid to him to make the cancellation of the policy effective. * * *"

■ By applying the rule established in the Woodard case to the instant case, the failure of the appellant to promptly return the unearned premium to the appellee, merely created a debtor-creditor relationship be-

tween the parties. The appellee would be entitled to recover from the appellant that part of the premium which is unearned, with interest. However, appellee, cannot successfully maintain that the cancellation of the policy was ineffectual for that reason.

The evidence offered by the appellant concerning the cancellation of the policy was competent, and the court should have directed a verdict for the appellant.

Judgment reversed.