400 P.2d 345

John R. MARQUEZ, by his Guardian Ad Litem, Malcolm L. Hillock, Appellant,

v.

RAPID HARVEST CO., a California corporation, Appellee.

No. 2 CA–CIV 1.

Court of Appeals of Arizona.

March 24, 1965.

Rehearing Denied June 15, 1965.

Hillock & Hillock, by Malcolm L. Hillock, Tucson, for appellant.

Spaid, Fish, Briney & Duffield, by Richard C. Briney, Tucson, for appellee.

HATHAWAY, Judge.

Plaintiff commenced an action in Superior Court on May 15, 1959, to recover for personal injuries allegedly caused by the negligence of defendant's employee. (Plaintiff is appellant and defendant is appellee herein.) Defendant is a foreign corporation doing business in Arizona. A copy of the summons and complaint was de-

livered on May 22, 1959 to an employee of the defendant who was working in the Willcox area. Defendant having failed to appear or answer within the time required by law, its default was entered on June 12, 1959. The lower court heard testimony on plaintiff's application for default judgment on July 8, 1959, and on July 16 granted a judgment to plaintiff in the amount of $92,488.81, which was entered on the record the following day. A writ of execution was issued on August 24, 1959, and on August 31, 1959, defendant applied to the court below to set aside the default and vacate the judgment. Defendant's application asserted "excusable neglect" and in addition alleged that the employee served with process was not a "managing or general agent" upon whom process could be served under Rule 4(d), par. 6, 16 A.R.S. Rules of Civil Procedure.

A hearing on defendant's application was held on September 4, 1959, at which time the default judgment was set aside pursuant to Rule 60(c), 16 A.R.S. Rules of Civil Procedure, on the grounds that defendant had shown excusable neglect. The lower court declined to rule on the question of whether defendant had been properly served. Other facts relevant to this appeal are better stated in conjunction with our consideration of the issues raised by appellant's assignments of error.

The appellant assigns as error, in substance, the following:

1. The finding as a matter of law that the defendant exercised due diligence in seeking relief from the default judgment.

2. The finding that failure of the defendant's employee to notify it of service of process constituted "excusable neglect."

The testimony and affidavits presented to the lower court in support of defendant's motion to set aside the judgment disclosed the following: Defendant was notified of the judgment at its home office in Salinas, California, on July 18, 1959, by a phone call from a corporate director in Arizona who had read a newspaper account of the judg-

ment. The employee upon whom process had been served had failed to notify the corporation of the service. However, no excuse for the employee's dereliction was offered by the defendant other than that the individual upon whom process had been served had left defendant's employ within a few days after service of the complaint. No explanation was introduced in evidence for the defendant's delay of six weeks after actual notice if the judgment, before seeking relief from the judgment. The trial court ruled as a matter of law that this lapse of time was not an unreasonable length of time and that no proof on this subject would be received.

 This court agrees with appellant's first assignment of error. Although it is universally held that a motion to vacate a default judgment is addressed to the sound discretion of the court, such discretion is a legal and not an arbitrary or personal discretion. There must be some legal justification for the exercise of the power, some substantial evidence to support it. Lynch v. Arizona Enterprise Min. Co., 20 Ariz. 250, 179 P. 956, 957 (1919).

 Rule 60(c) of the Arizona Rules of Civil Procedure governs the conditions under which a default judgment may be set aside. This Rule requires that a motion to set aside a judgment be made within a reasonable time but not later than six months after judgment. What is a "reasonable time" within which to make the motion must depend on the circumstances of the particular case. People v. One 1948 Oldsmobile, etc., 154 Cal.App.2d 378, 316 P.2d 449, 450 (1957). However, when a default judgment has been entered against a party, it devolves upon him to seek relief promptly upon learning of the default.

 In the instant case, defendant received actual notice of the judgment on July 18, but no application for relief from the judgment was made to the Arizona court until August 31. Furthermore, no explanation of the delay is disclosed by the record of the proceedings to set aside the judgment. Consequently the trial judge erred in

ruling that the six weeks delay did not violate the "reasonable time" requirement of Rule 60(c), supra. Some explanation of the delay in seeking relief should be given either by affidavit or testimony, and the trial court must then determine whether the explanation is sufficient to justify the granting of the relief sought. Benjamin v. Dalmo Mfg. Co., 31 Cal.2d 523, 190 P.2d 593, 598 (1948); Romer, O'Connor & Co., Inc. v. Huffman, 171 Cal.App.2d 342, 341 P.2d 62, 66 (1959); Ehrlinger v. Parker, 137 Colo. 514, 327 P.2d 267, 269 (1958). In support of his motion for relief, the defendant should have explained the circumstances occasioning his delay of six weeks. As stated by the court in Benjamin v. Dalmo Mfg. Co., supra:

> "To hold otherwise * * * would empower the trial court to dispense with the 'reasonable time' requirement of the statute."

■ The second assignment of error attacks the trial court's finding of "excusable neglect" on the part of the defendant in failing to answer or appear. In order for a default judgment to be set aside, the party in default, in addition to seeking relief promptly, must show (1) that the failure to answer within the time required by law was due to excusable neglect and (2) that he had a meritorious defense. Schering Corp. v. Cotlow, 94 Ariz. 365, 385 P. 2d 234, 237 (1963); Hendrie Buick Co. v. Mack, 88 Ariz. 248, 355 P.2d 892, 894 (1960). For purposes of this appeal, we need consider only the requirement of a showing of "excusable neglect" by the defendant. The trial judge in the case at bar mistakenly equated the negligence of defendant's employee in failing to inform defendant of service of process with "excusable neglect." Negligent conduct of a corporate agent in failing to notify his principal of service of process affords no basis for setting aside a default judgment. Lynch v. Ariz. Enterprise Min. Co., supra; Postal Benefit Ins. Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173, 178 (1946). As stated in the Postal Benefit case:

> "[W]here service has been made on a duly appointed statutory agent, and the agent failed to notify his principal, through mere carelessness, such a showing does not constitute 'excusable neglect but was indeed inexcusable neglect.' * * * We see no reason to adopt a different rule where the agent has been made so by law rather than by appointment * * *. Unless, therefore, the showing made disclosed that the agents were excusable in failing to advise defendant of the summons, the court properly denied the application to set aside the judgment."

■ For the purpose of this appeal, we must assume that the employee of the defendant who was served was one authorized by statute to receive service of process, as the trial court declined to rule on this matter, but chose to set aside the judgment in accordance with Rule 60(c), supra. Motions under this rule do not challenge the validity of the service, but rather ask the question: Will the court grant the movant relief from a valid judgment? Preston v. Denkins, 94 Ariz. 214, 219, 382 P.2d 686 (1963).

■ The factual situation in the Postal Benefit case, supra, resulted in a much harsher decision than the instant one insofar as corporate defendants are concerned. In that case, the agent upon whom service was made was one selected by the state for the corporate defendant. In the instant case, it must be borne in mind that the service was valid only if the employee served was defendant's duly appointed managing or general agent. Rule 4(d), par. 6, supra. A corporation is an artificial being created by law and can act only through its agents and employees. If this employee was an agent of the defendant for the purpose of receiving process, and if through neglect which was not excusable he failed to advise the defendant of the service, that neglect is imputed to the corporate principal, the defendant. It appears to this court that the corporate defendant is just as answerable for his inexcusable neglect as it

would be for any other wrongful act committed by him within the scope of his employment.

 The record is devoid of any showing of legal excuse on the part of defendant's agent for his failure to inform defendant of the service of process. The trial court had no basis for determining whether or not the agent's conduct was excusable under the circumstances. Therefore, the failure to account for the agent's dereliction obviates a finding of "excusable neglect" on the part of the defendant. As the court stated in Morris v. Liverpool L. & G. Ins. Co., 131 N.C. 212, 42 S.E. 577, 578 (1902); 20 A.L.R.2d 1179, 1197, in refusing to set aside a default judgment against a foreign corporation whose local agent had failed to notify it of service of process:

> "The agent 'carried his coals to Newcastle,' and his employer should not be surprised that it has now to pay the freight." .

 When a plaintiff has, according to regular and legal proceedings, acquired a judgment because of a party's mere neglect, inadvertence or forgetfulness without any reasonable excuse therefor, the judgment should not be disturbed. Coconino Pulp & Paper Co. v. Marvin, 83 Ariz. 117, 317 P. 2d 550, 552 (1957); Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54, 258 P.2d 816, 817 (1953).

Relief from the default judgment was improperly granted to the defendant by the lower court for the reason that the requirements of Rule 60(c), supra, had not been fulfilled. Ordinarily, the foreclosing of testimony by the trial court on the subject of whether or not the six weeks delay in seeking relief was within a "reasonable time" would require a reopening of the hearing before the trial court. However, in this case, the failure to show excusable neglect eliminates the necessity of any fur-

ther inquiry into the subject of "reasonable time." The defendant was afforded a full opportunity to present its case on the question of excusable neglect. Therefore the order setting aside the default and vacating the default judgment should be reversed.

 However, there remains the serious question of whether the employee served was a managing or general agent. This is a mixed question of fact and law, and requires a ruling by the lower court. Ergo, this case is reversed and remanded to the lower court with instructions to proceed in accordance with this opinion.

KRUCKER, C. J., and MOLLOY, J., concurring.