509 P.2d 604

**Bryan HALL, Appellant,**

v.

**MOTORISTS INSURANCE CORPORATION,**
a New York corporation doing busi-
ness in Arizona, Appellee.

**No. 10763.**

Supreme Court of Arizona,
In Banc.

May 7, 1973.

Blake, Colter, Flickinger & Daudet, by
James H. Colter, Phoenix, for appellant.

Shimmel, Hill & Bishop, by James B.
Rolle, III, Phoenix, for appellee.

HOLOHAN, Justice.

This case is before us on appeal by the
plaintiff Bryan Hall from an order grant-

ing summary judgment to the defendant Motorists Insurance Corporation.

Plaintiff-appellant Bryan Hall purchased an El Camino automobile from Midway Chevrolet through Dee Hall, a family friend. The purchase was financed by a loan from the First National Bank of Arizona at Springerville, Arizona. Plaintiff purchased a $100 deductible collision policy of insurance from appellee insurance company, Motorists Insurance Corporation. Purchase of the policy was arranged through Mr. Davis, an employee of the automobile agency and an agent for the defendant insurance company. Plaintiff paid the full amount of the insurance premium by a check separate and apart from the automobile purchase funds.

The transactions involving the purchase of insurance were completed on March 18, 1970. Thereafter the plaintiff, a member of the armed services, was transferred to South Carolina. On or about April 20, 1970 plaintiff received a notice from the insurance company which had been mailed on April 13, 1970 and forwarded to his new address. The notice from the insurance company was a cancellation of plaintiff's insurance policy effective April 24, 1970.

Plaintiff telephoned the insurance company, and he was advised by an agent of the company of the reasons for the cancellation (which are not material to a resolution of this case). Plaintiff asked that the policy be cancelled immediately and that his premium refund be sent to him as soon as possible. The plaintiff was advised that the premium had not been received by the insurance company from the automobile agency, and the insurance company's agent told the plaintiff that it would take anywhere from ten days to two weeks to get the money to him.

Plaintiff called Mr. Davis at the automobile agency to urge Davis to send the premium money to him. Davis maintained that he had no notice of the cancellation, and without such notice Davis stated he could not refund the premium.

In all of the above conversations the plaintiff advised the parties of his need for the refund to buy insurance for his car. The plaintiff did make arrangements to secure other insurance from another insurance company, but the insurance would not be effective until the premium was paid. Plaintiff urges that he had no funds to pay the premium except the funds expected in the premium refund.

On May 17, 1970 the plaintiff was involved in an automobile accident which caused a total loss of the vehicle except for $280 received for salvage. When plaintiff got out of the hospital on May 19 he called the insurance company, reported the accident, and was told that there was no insurance in force. He then called Davis at Midway, who told him that he'd get out the refund that same day—and he did so! The check was dated May 19, made payable jointly to the First National Bank and plaintiff, and was mailed to the bank at Springerville.

Plaintiff brought suit against the automobile agency and the insurance company, alleging breach of contract, negligence, and estoppel. The complaint asks for actual and punitive damages. The defendant insurance company answered and moved for summary judgment which was granted. A written judgment was filed with the finding required by Rule 54(b), Rules of Civil Procedure, 16 A.R.S. and the plaintiff filed a timely appeal from the judgment in favor of the defendant insurance company. Pursuant to Rule 47(e)5, Rules of the Supreme Court, 17 A.R.S., this cause was ordered transferred to this Court.

The plaintiff presents three questions in this appeal: (1) Is the insurance company estopped to deny the existence of a valid insurance contract? (2) Did the actions of the insurance company constitute negligence or breach of contract? (3) Was the conduct of the defendant sufficient to establish a claim for punitive damages?

In determining whether summary judgment should have been granted, neither

the trial court nor the appellate court weighs the evidence, and the matters presented are considered in the most favorable aspect to the party opposing the motion. Peterson v. Valley National Bank, 90 Ariz. 361, 368 P.2d 317 (1962).

The elements of estoppel were defined by this Court in Builders Supply Corp. v. Marshall, 88 Ariz. 89, 352 P.2d 982 (1960). If any of the elements is lacking there can be no estoppel. Knight v. Rice, 83 Ariz. 379, 321 P.2d 1037 (1958). Reliance by the party invoking estoppel is essential. It is clear in this case that there was no such reliance by the plaintiff on any belief that the insurance policy was in full force and effect. The plaintiff testified in his deposition that he assumed he had no insurance after the cancellation date, and he knew that he was driving without insurance after that date. Since there was no reliance or even belief that the policy was still in effect, the claim of estoppel must fail.

The issue presented by plaintiff in his claim that the insurance company breached its contract and was negligent is more complex. In the complaint the plaintiff alleges that the defendant breached its agreement to return the premium refund within ten days as promised, but, on appeal, the plaintiff urges that the breach was in the failure to return the unused premiums within a reasonable time.

The policy of insurance issued to the plaintiff by the defendant insurance company provides:

"If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected, or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation."

In Hagin v. Fireman's Fund Insurance Co., 88 Ariz. 158, 353 P.2d 1029 (1960), we adopted the view that under a clause similar to above a refund or tender of the unearned premium is not a condition precedent to effective cancellation of the policy.

This viewpoint has been subjected to criticism, and a number of jurisdictions take the position that irrespective of the language of the insurance contract the tender of the unearned premium is a condition precedent to effective cancellation of the policy. An annotation in 16 A.L.R.2d 1200–08 collects the cases from the various jurisdictions who have ruled on the question. From our review of the cases we see no reason to depart from the position we announced in *Hagin*.

A good exposition of our position was stated in Jorgensen v. St. Paul Fire & Marine Insurance Co., 158 Colo. 466, 408 P.2d 66 (1965):

"The contract itself specifically provides that payment of unearned premium is not a condition of cancellation. Under such circumstances, courts cannot make a new contract for the parties by construction. The rule that language in an insurance contract should be construed against the insurer cannot be applied where the language is unambiguous and there is nothing to construe." 158 Colo. at 470, 408 P.2d at 68.

The refund of unearned premium is not a condition precedent to cancellation, rather it is a consequence of the cancellation. Leslie v. Standard Accident Insurance Co., 327 Ill.App. 343, 64 N.E.2d 391 (1945). See also Jensen v. Traders & General Insurance Co., 52 Cal.2d 786, 345 P.2d 1 (1959); Hartsfield v. Carolina Casualty Insurance Co., 411 P.2d 396 (Alaska 1966).

Generally, the issue of negligence is not a proper subject for summary judgment. Boozer v. Arizona Country Club, 102 Ariz. 544, 434 P.2d 630 (1967). The plaintiff urges that the delay in payment of the refund was unreasonable. The insurance contract provided that the premium adjustment was to be made, "either at the time cancellation is effected, or as soon as practicable after cancellation becomes effective, . . . ." The defendant insurance company concedes that the above language means within a reasonable time. Turney v. Allstate Ins. Co., 167 Pa.Super.

175, 74 A.2d 730 (1950). What constitutes a reasonable time is a fact question depending upon the circumstances. Marquez v. Rapid Harvest Co., 1 Ariz.App. 138, 400 P.2d 345 (1965). The defendant insurance company has called our attention to Wallace v. State Farm Mut. Automobile Ins. Co., 187 Tenn. 692, 216 S.W.2d 697 (1949) and Turney v. Allstate Ins. Co., supra, as authority that periods in excess of three weeks have been found to be reasonable. These cases depend upon their facts, and we cannot say that as a matter of law the period of time in this case was reasonable. This is an issue which the trial court should have left to the trier of fact, and summary judgment should not have been granted.

Since both negligence and breach of contract are alleged the proof of the elements of damages may be different. 22 Am.Jur. 2d Damages § 80. Fact issues have been raised which may entitle the plaintiff to special elements of damage. Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734 (1948); Sharp v. Western Union Telegraph Co., 39 Ariz. 349, 6 P.2d 895 (1932).

■■ Before plaintiff can be entitled to punitive damages, he must prove his actual damages. Jacob v. Miner, supra. Punitive damages are not allowed for mere negligence. There must also be shown a reckless or wanton disregard of the rights of others. Gila Water Co. v. Gila Land & Cattle Co., 30 Ariz. 569, 249 P. 751 (1926). We do not weigh the evidence in testing the correctness of the granting of a motion for summary judgment, and, since fact questions have been presented, the ultimate resolution of these matters must await the trial. The application of the legal principles is dependent upon the establishment of the facts. The plaintiff should have been allowed a trial of the issue.

The judgment of the superior court is reversed, and the case is remanded to the superior court for trial.

Reversed.

STRUCKMEYER and LOCKWOOD, JJ., and HAIRE, Judge of the Court of Appeals, Division One, concur.

HAYS, Chief Justice (specially concurring).

I concur with the result reached by Justice Holohan in his opinion, but additionally, I believe that the failure to pay plaintiff's premium refund for more than 3 weeks can, as a matter of law, be held to be in violation of the insurance contract. Certainly payment after three weeks and only after notice of a claim cannot be termed "as soon as practicable after cancellation."

Note: Vice Chief Justice CAMERON did not participate in the determination of this matter; Judge HAIRE, Court of Appeals, Division One, sat in his stead.