177 So. 173

### ST. PAUL FIRE & MARINE INS. CO. v. GWIN.

6 Div. 135.

Court of Appeals of Alabama.

Oct. 5, 1937.

Rehearing Denied Oct. 26, 1937.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

J. C. B. Gwin, of Bessemer, for appellee.

RICE, Judge.

It was without dispute that appellant issued to appellee a $500 policy of fire insurance covering the property of appellee agreed to have been damaged by fire in the amount of $334.27. And that if appellee was entitled to recover in this suit on said policy, his recovery should be, by reason of another outstanding · fire insurance policy on the same property, limited to five-sevenths of the amount of the agreed loss.

The judgment in appellee's favor was for the amount of $257.65—which we propose to treat as being correct—provided we find appellant's contentions as to erroneous rulings by the trial court going to appellee's *right of recovery* to be without merit. (We say this because there *is* a contention advanced—but we believe abandoned—at least not *insisted* upon—that there may be an error of some $2.40 in the amount of the judgment arising out of a misconceived right of sixty days' interest at 6 per cent. per annum upon a base amount of some $238.75.)

The crux of the case is simply this: Appellant issued its policy on August 1st, 1935, to run for one year. The jury was warranted in finding that the premium on same was paid to appellant's duly authorized agent. The property covered, and in question, was damaged as above mentioned on January 5, 1936.

Appellant's plea No. 4 set up this defense—or alleged defense—to the suit, to-wit:

"4. In the policy sued upon it is expressly provided that: 'This policy shall be canceled at any time at the request of the insured; or by the company by giving five days notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice it shall retain only the pro rata premium.'

"Defendant avers that on, to-wit, October 9th, 1935, the defendant gave the plaintiff written notice of the cancellation of the policy sued upon. Wherefore, defendant says that the plaintiff ought not to recover."

By sustaining appellee's demurrers to this plea 4 the question is posed here: "Was it incumbent upon appellant, in order to effectuate a valid cancellation of the policy, to return to appellee the unearned portion of the premium which had been paid?"

The trial court, by its ruling mentioned, answered this question in the affirmative. And we think correctly so.

Appellant's resourceful and industrious counsel have in their two briefs (some sixty odd typewritten pages) filed here treated us to a review of a very great number of decisions of the various courts of the land touching this seemingly vexed question.

But we are not sure that we should not apologize for our inability to see anything so difficult in answering it.

We are, of course, bound by the decisions of our own Supreme Court (Code 1923, § 7318). And while it may not have, as appellant's able counsel contend, categorically answered the question, yet it seems to us to have, in effect, answered it. The editors of Corpus Juris appear to be of this opinion, also, because we find, in 26 C.J. p. 141, § 166, this: "As to policies (fire insurance policies) containing the standard clause (as the policy here, we interpolate) providing for cancellation on notice and requiring the unearned premium to be refunded on surrender of the policy, the authorities are not in accord. In some jurisdictions it is held that the cancellation is effective *on notice,* and that no actual tender or return of the premium is necessary before surrender of the policy. But *by the weight of authority a return or tender of the unearned premium is a condition precedent to a valid cancellation under such clause."* (Italics ours.) And, as supporting this last next above-quoted sentence, and as composing a part of the "weight of authority" mentioned, the editors cite the case of Insurance Companies (Niagara Fire, and Hamburg-Bremen) v. Raden, 87 Ala. 311, 5 So. 876, 878, 13 Am.St.Rep. 36.

In this Raden Case cited, our Supreme Court, true enough, was not engaged in answering the question we are here discussing. But in the course of dealing with the question which *was* before it, that court plainly said, of a situation similar to the one *we* are discussing, that there "could be no cancellation" (by the insurance company—as appellant, here) "without payment [of] * * * the return premium required to be paid under the terms of the contract."

What has been said hereinabove disposes of what we consider—in fact, of what its counsel assert—to be the principal question raised on the appeal. The other questions presented, other than the one we have hereinbefore mentioned as being so trivial it was treated as waived, seem so clearly to be as to matters properly left to the jury that we will not discuss same.

The judgment is due to be, and it is, affirmed.

Affirmed.