35 So.2d 109

## LIFE & CASUALTY INS. CO. OF TENNESSEE v. GARRETT.

### 6 Div. 558.

Supreme Court of Alabama.

Feb. 19, 1948.

Rehearing Denied May 13, 1948.

Bainbridge & Mims and Chas. W. Greer, both of Birmingham, for appellant.

522

G. R. Harsh and John L. Glasser, both of Birmingham, for appellee.

LAWSON, Justice.

Mrs. Clyde Garrett, plaintiff in the court below (appellee here), brought this action against the Life and Casualty Insurance Company of Tennnessee to recover under a policy of insurance (Industrial Travel and Pedestrian Policy), in which she was named as beneficiary, wherein her son, Wesley D. Garrett, was insured against the result of bodily injuries, including death effected solely by external, violent and accidental means strictly in the manner and subject to the provisions and limitations stated in the policy.

In so far as the pleadings are concerned, the case was submitted to the jury upon Count Three of the complaint and defendant's plea of the general issue.

There were verdict and judgment for plaintiff. Motion for new trial having been overruled, defendant has appealed to this court.

■ In the insurance contract sued upon, in the general liability clause, the defendant obligated itself to pay the named beneficiary the sum of $1,000 provided the insured was killed in a manner specifically described in said clause. By a subsequent clause—separate and distinct—constituting an exception—it was provided that the policy did not cover injuries either "fatal or non-fatal of which there is no visible contusion or wound on the exterior of the body of the insured causing the death or disability, or injuries received by the insured while engaged as a brakeman, switchman, conductor, fireman, or engineer of a railroad, or employed in the yards of the roundhouse of a railroad, *or enrolled in the military or naval service in time of war.* * * *" (Emphasis supplied.)

As before indicated the exception was not in the general liability clause of the policy. Consequently the plaintiff could rely upon the general liability clause in the statement of her cause of action, and set out that clause only. She was not required to notice the separate and distinct clause which operated as an exception to liability. Such exception constituted defensive matter and to be availing, the defendant must plead the defense afforded by the exception. Standard Life & Accident Insurance Co. v. Jones, 94 Ala. 434, 10 So. 530; Belt Automobile Indemnity Ass'n v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787; New York Life Ins. Co. v. Beason, 229 Ala. 140, 155 So. 530. In the case last cited the case of Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728, is distinguished.

Although the averments of Count Three of the complaint make no reference to the place where the insured was killed or the nature of his employment at that time, the evidence for the plaintiff shows that the deceased met his death in France on April 11, 1945, when this country was engaged in war, and that at the time of his death the insured was enrolled in the military service.

■ The defendant insists that since the policy sued on contained the military service clause above set out and since the evidence for the plaintiff shows that the insured met his death on April 11, 1945, while enrolled in the military service, the trial court erred in not giving the general affirmative charge as requested by it. This contention is without merit. If the defendant insurance company desired to rely on the exception relating to "military serv-

ice," it should have been specially pleaded. Life and Casualty Insurance Co. of Tennessee v. Bryan, Ala.App., 33 So.2d 25. Since such exception was not specially pleaded it was not an issue in the case. Life and Casualty Insurance Co. of Tennessee v. Street, 213 Ala. 588, 105 So. 672. If it had been specially pleaded we would have to consider the effect of such exception in the light of the decision in the case of Merchants Nat. Bank of Mobile v. Commonwealth Life Ins. Co., 249 Ala. 58, 29 So.2d 350.

The only evidence in this record which in any way casts any light on the circumstances connected with the death of insured is that shown by the deposition of Karl B. Martz, who was the Captain of the company of which insured was a member.

Martz was not present at the time insured met his death. But he saw his dead body lying "crossways" of a road leading from "Cognac, to Saintes, and to Royan," in France. There were numerous lacerations on the head of insured and one side of his face was almost severed. Martz also answered in his deposition that he saw a jeep "upside down in the road." It does not appear how far the body of the insured was from the overturned jeep. The jeep had been issued by the United States Army Supply Branch to Headquarters Battery, 13th Field Artillery Brigade. It does not appear that the insured was connected with the last-mentioned unit. As to the condition of the road and the markings thereon at the place where he saw the jeep, Martz said: "One skid mark on North side of road off the improved part of road. The road was wet and other marks could not be identified."

Even if it be assumed that the facts above related would be sufficient to show that the insured's death resulted from injuries effected solely by external, violent and accidental means and that such injuries resulted from a collision of or accident to the jeep, the plaintiff would not have met the burden of proof which was upon her under the pleadings and the contract of insurance sued upon.

The burden was on the plaintiff not only to prove that the death of her son resulted from bodily injury effected solely by external, violent and accidental means, but to prove that such injury occurred as the result of a collision of or an accident to a public automobile being driven or operated by one employed for said purpose and *inside of which* insured was legally travelling as a passenger, or that such injury occurred as a result of a collision of or accident to a private motor-driven automobile or a motor-driven truck *inside of which* insured was riding or driving on said occasion.

There is no answer of Martz to any of the questions propounded which, considered separate and apart from the question, shows that the insured was driving the jeep or that he was riding inside of it at the time it was overturned on the road. The statement that at the time the insured was killed he was on an official mission to a higher headquarters and was to return to his headquarters only provokes the inquiry, how was he travelling? Was he walking or riding? If riding was he riding inside of or driving the jeep which Martz saw overturned on the road. Under the pleadings in this case no recovery could be had if insured was hit by the jeep while he was walking along the road.

The only possible way for the jury to have found that insured had been riding inside the jeep at the time it was overturned was to have considered some of the questions which were propounded to Martz by plaintiff as being testimony in the case. For instance, the following question which had been so propounded was read by counsel for plaintiff in the presence of the jury: "When you first *observed the jeep in which Pfc. Garrett was riding at the time he was killed,* please state whether or not same bore any signs of external or visible injury, and if you answer affirmatively, please describe said signs of external and visible injury in detail so far as you can recall same." (Emphasis supplied.) This question was clearly improper in assuming that insured was riding

524

in the jeep at the time he was killed. No evidence of that fact had been adduced at the time the question was propounded, and no answer of Martz to the questions propounded to him, which were thereafter read to the jury, was to that effect. The answer to the question just above set out only related to the condition of the jeep. But the vice was in the question. The objections interposed to the question were well taken and should have been sustained. Louisville & N. Railroad Co. v. Banks, Adm'r, 132 Ala. 471, 31 So. 573; Brannan v. Henry, 142 Ala. 698, 39 So. 92, 110 Am. St.Rep. 55; Green v. State, 96 Ala. 29, 11 So. 478, 479.

The principle of error without injury, Supreme Court Rule 45, Code 1940, Tit. 7, Appendix, cannot be applied here. This question was calculated to leave the jury with the impression as a fact proven that the insured was riding in the jeep at the time he was killed. It was necessary for the plaintiff to prove by legal evidence that such was the case. As before stated, there is absolutely no legal evidence of that fact or evidence from which that fact may be reasonably inferred. The rule is stated in the case of Green v. State, supra, as follows: "It is permissible—in fact, unavoidable—sometimes to propound a question prima facie objectionable, when it is merely introductory to other questions, necessary to elicit facts which are legal evidence. Whenever it is subsequently shown that the apparent illegal evidence is a connecting part of, or explanatory of, legal evidence, and was only used as necessarily introductory thereto, an objection to it cannot be sustained. But unless its admission is justified by subsequent testimony, or is afterwards excluded from the jury by the court, it is reversible error."

We are clear to the conclusion that for the error in not sustaining defendant's objection to the above question, this case must be reversed. It is not necessary, therefore, to discuss the other assignments of error.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.