82 So.2d 181

### BOSTON INSURANCE CO.

v.

### A. C. RASH.

4 Div. 831.

Supreme Court of Alabama.

Aug. 18, 1955.

Huie, Fernambucq & Stewart, Birmingham, and Grady G. Cleveland, Jr., Eufaula, for appellant.

Grubb & LeMaistre, Eufaula, and Crews Johnston, Clayton, for appellee.

82 So.2d 177

### BOSTON INSURANCE COMPANY

v.

### Delores RASH, pro ami.

4 Div. 825.

Supreme Court of Alabama.

Aug. 18, 1955.

Grubb & LeMaistre, Eufaula, and Crews Johnston, Clayton, for appellee.

## PER CURIAM.

This is an appeal from a final decree in equity granting appellee the relief provided for in section 12, Title 28, Code. Appellee had previously recovered a judgment at law against James McCain for personal injuries, for which it is claimed he had effective, as of the date of her injuries, a policy of liability insurance covering said damage. The injury to plaintiff occurred on May 9, 1953. The parties agreed on the facts which, in substance so far as here material, are that on July 22, 1952 defendant executed a policy of liability insurance which in terms covered the damage here involved, and extended for one year. The plaintiff obtained a judgment against James McCain on September 28, 1953 on account of that claim. That judgment not being paid within 60 days this suit was filed in equity, as authorized by section 12, Title 28, Code. There was a final decree rendered for plaintiff on an agreed statement of facts.

The only controversy is whether the policy of insurance had been effectually cancelled in an attempted exercise of the right to do so by the insurer.

The premium on the policy for the year was $59, of which $30 was paid on August 2, 1952. The policy would have been in

Huie, Fernambucq & Stewart, Birmingham, and Grady G. Cleveland, Jr., Eufaula, for appellant.

force when the accident occurred on May 9, 1953 had it remained in effect without being cancelled. The policy contained the following pertinent provisions:

"This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective.

"If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and if not then made, shall be made as soon as practicable after cancellation becomes effective."

The agreement states that on November 21, 1952 insurer mailed to insured at the address shown in the policy the following letter:

"You are hereby notified that policy No. BCA218986 issued to you by the Boston Insurance Company of Boston, Massachusetts, on the 22d day of July 1952, is cancelled as of December 3, 1952 twelve o'clock noon, Central Standard Time, at which time this policy shall cease to be of force and effect."

It is also stipulated that no premium adjustment was made at the time the letter was written, nor has one ever been made or tendered. The amount of the return premium on December 3, 1952, on a pro rata basis, was $8.31.

There is no contention that the policy was not effective for any other cause on May 9, 1953 when the accident occurred.

Prior to the adoption of the form of cancellation now under consideration, policies often contained what is termed the standard form used in fire insurance policies, as follows:

"If this policy shall be cancelled as hereinbefore provided, or becomes void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium."

It is said in 6 Blashfield on Automobile Law and Practice, section 3547, Pocket Part, that this clause gave rise to divergent constructions and in many policies has been replaced by a clause such as the following: "Premium adjustment may be made at the time cancellation is effected, and, if not then made, shall be made as soon as practicable after cancellation becomes effective". The text observes "this clause, it has been held, is not ambiguous, and cancellation is effective *if refund of the premium is subsequently made within a reasonable time*". (Italics supplied.)

This Court, by denying certiorari to the Court of Appeals, has refused to reverse an opinion of that court to the effect that under the standard form used in fire insurance policies, supra, there must be a return of the unearned premium which had been paid as of the date set for the cancellation. St. Paul Fire & Marine Ins. Co. v. Gwin, 27 Ala.App. 586, 177 So. 173, certiorari denied 235 Ala. 54, 177 So. 175. A like statement is made in the case of Farmers Mutual Ins. Ass'n v. Tankersley, 13 Ala.App. 524, 528, 69 So. 410, and in Insurance Companies v. Raden, 87 Ala. 311, 5 So. 876.

The authorities generally join in the statement that there is a division of opinion as to whether the unearned premium must be tendered as a condition to cancellation when such a clause is used. The majority holding is in accord with our case of St. Paul Fire and Marine Ins. Co. v. Gwin, supra, 45 C.J.S., Insurance, § 451, pp. 97–98; 127 A.L.R. 1343, et seq.

It is also universally recognized that the parties may make such stipulation in that respect as they see fit in the absence of statute, and the authorities construing the old standard fire insurance form are not apt in respect to another form to a different effect. We are not here concerned with that

standard form, but with a new one which is now much in use in such policies, as the one we are here considering.

We find only a Louisiana case which has a clause like the one here involved and which seems to require as a condition to cancellation a refund at the time fixed for the cancellation to become effective, or within a reasonable time thereafter, and before the injury occurs. Ellzey v. Hardware Mutual Ins. Co., La.App., 40 So.2d 24. This is the only opinion cited by Blashfield which supports its text in that respect. However, that opinion does not take note of the difference in the form involved from that of the old standard form. It cites 45 C.J.S., Insurance, § 450, p. 96, which text refers to such old form.

On the other hand, the case of Genone v. Citizens Ins. Co., 207 Ga. 83, 60 S.E.2d 125, also dealing with the identical clause here involved, takes the opposite view and holds that under such a clause in the policy the return of the unearned premium is a consequence of cancellation and not a condition precedent to cancellation. There the unearned premium was never returned. The injury occurred after notice of cancellation. The court held that there was an effectual cancellation.

Another case directly in point and supporting the contention of appellant is American Fire & Casualty Co. v. Combs, Ky., 273 S.W.2d 37. The same cancellation clause was in the policy there considered as in the instant case. Notice of cancellation was given as required by it, and there was no tender of the unearned premium going with the notice, and it was not thereafter paid. The opinion of the court referred to the cases of Parks v. Lumbermens Mutual Casualty Co., 327 Ill.App. 356, 64 N.E.2d 210; Leslie v. Standard Accident Ins. Co., 327 Ill.App. 343, 64 N.E. 2d 391, and Wallace v. State Farm Mutual Automobile Ins. Co., 187 Tenn. 692, 216 S.W.2d 697. We shall again refer to those cases, but at this time we wish to repeat a quotation in the Combs' case [273 S.W.2d 38] which was taken from the Wallace case, supra:

" ' "In any way we look at the matter, the balance in the hands of the company after the cancelation, merely creates a debtor creditor relationship. The policy contract does not require of Wallace (the policy holder) that he make demand for his unearned premium. The company merely says it will either pay this 'at the time cancellation is effected', or it 'shall be made as soon as practicable' thereafter. This was merely a promise by the company that if the return premium did not come with the cancelation that it would be made with all promptitude considering the surrounding facts as to how long it would take to calculate this unearned premium. The language 'as soon as practicable' means (within) a reasonable time" '. [Wallace v. State Farm Mutual Auto. Ins. Co.] 187 Tenn. 692, 216 S.W.2d 700.

"We do not agree with appellant's contention that the unearned premium should have been paid to him to make the cancellation of the policy effective."

Another one containing the identical cancellation clause now under consideration is that of Insurance Co. of Texas v. Parmelee, Tex.Civ.App., 274 S.W.2d 944, where there was no refund either at the time notice of cancellation was given or afterwards. It was said, however, that no refund was paid to the insured because there was no reason to pay him any. The opinion of the court, citing some other Texas cases, also cited the Leslie and Wallace cases, supra, and held that it was not a condition precedent to have tendered the unearned premium at the time of notice of cancellation.

In Parks v. Lumbermens Mutual Casualty Co., supra, the court was dealing with a cancellation clause in the exact language of that here involved. The opinion pointed out the difference between that clause and the standard fire insurance form, to which we have referred. The opinion referred to the principle that when there is an ambiguous provision in a policy it should be resolved against the insurer who drafted

the clause: but held that the clause in question was not ambiguous. The notice was to the effect that the policy would stand cancelled as of July 6, 1943: the accident occurred July 9, 1943. There the refund had not been made but it was made later, and it was not contended that the refund was not made within a reasonable time. The court held that the policy had been cancelled before the accident.

Another case, also in Illinois, is Leslie v. Standard Accident Ins. Co., supra [327 Ill.App. 343, 64 N.E.2d 393], where the cancellation clause was in the same language. The notice of cancellation was given to become effective at a stated time. No refund was made with the notice. Later a notice was given of a credit memorandum of that amount on a debt of the insured to insurer. The accident occurred afterwards. The court held that the cancellation was effected "by giving the notice, and upon the passage of time, the end of the policy period occurs when the date and the hour stated in the notice is reached". Also that: "It would seem to us that the language of this clause makes the return of the unearned premium a consequence of cancellation, instead of a condition precedent to cancellation".

We again refer to the Wallace case, supra, where the court had under consideration a clause in the same language as in the instant policy, and which it held not to be ambiguous. The court held that the policy had been cancelled, and the duty to refund was merely a debt and not a condition, but said that there was no proof that the refund was not made as soon as practicable. That statement must have been made only as added emphasis. It is not inconsistent with the statement that the return of the unearned premium is not a condition to the cancellation, but that the cancellation creates the relation of debtor and creditor to that extent. The statement in other cases is that such relation is but a *consequence* of a cancellation otherwise complete.

The case of Medford v. Pacific National Fire Ins. Co., 189 Or. 617, 219 P.2d 142, (rehearing) 222 P.2d 407, 16 A.L.R.2d 1181, is also in point and is in line with and cites the foregoing cases, among others. It holds, as do the other cases, that in the absence of a statute which controls the situation such a clause as we are dealing with does not require a return of the unearned premium as a condition to cancellation.

Another case directly in point with a cancellation clause in the exact language of that now under consideration, and citing the foregoing authorities, is Turney v. Allstate Ins. Co., 167 Pa.Super. 175, 74 A.2d 730, 732. The court distinguishes that clause from the standard clause in fire insurance policies and observed that "where, as here, there is no statute governing the particular type of insurance policy or requiring a different result, courts have enforced the terms of the contract as drawn, and have permitted the insurer to cancel upon proper notice without return of the unearned premium as a condition precedent". This opinion follows another in Pennsylvania to the same effect. Verecchia v. DeSiato, 353 Pa. 292, 45 A.2d 8.

There is an exhaustive annotation on this subject in 16 A.L.R.2d 1204, and all the cases are to the same result with the exception of the Louisiana case, supra.

After a careful study of the policy clause and cases which have construed it, we think it means that the duty to return the unearned premium when the insurer has given notice of cancellation to be effective at a certain time in accordance with the terms of the policy, as here under consideration, is simply that of a debtor obligated to pay a debt which arises as a consequence of the cancellation, and its payment or tender is not a condition to an effective cancellation.

There is an agreement that the notice required by the policy was given in the manner and form there required.

It results that in our opinion the policy was effectually cancelled before plaintiff's injury occurred, and therefore there is not shown to have been at the time

of plaintiff's injury an effective policy of insurance whereby this appellant (Boston Insurance Company) insured the defendant James McCain against liability for bodily injury to plaintiff caused by McCain within the terms of section 12, Title 28, Code. Therefore, plaintiff has not sustained her claim against appellant insurance company.

The decree of the trial court should be reversed and one here rendered denying relief and dismissing the cause.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and rendered.

LAWSON, STAKELY, GOODWYN, MERRILL and MAYFIELD, JJ., concur.