148 So.2d 226

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE CO., Inc.**

v.

**Imogene COFIELD et al.**

**7 Div. 588.**

Supreme Court of Alabama.

Dec. 20, 1962.

Scott & Scott, Fort Payne, for appellee Cofield.

J. A. Johnson, Fort Payne, for appellees Johnson.

Beck & Beck, Fort Payne, for appellant.

SIMPSON, Justice.

Appeal by complainant from a decree of the DeKalb County Circuit Court, in Equity, denying relief on a bill for a declaratory judgment.

The chancellor determined that appellant would be required to defend a pending lawsuit filed June 5, 1961, growing out of an automobile accident; that respondents, Leroy Johnson and Carey (alias Gary) Johnson were entitled to the protection of the policy of insurance for any and all claims arising out of the action which had been prosecuted by respondent Imogene Cofield, as administratrix of David Cofield, deceased.

The bill as filed by appellant consisted of two aspects, which if proved, would release appellant as insurer of the Johnsons, from defending the pending suit at law. The first aspect alleged a violation of an exclusion clause of the policy, as follows: "This insurance does not apply under any of the coverages while the automobile is operated in a pre-arranged race or competitive speed test." The second aspect alleges a violation of the so-called "co-operation clause", i. e., "The insured shall cooperate with the Company, and upon the Company's request, shall attend hearings and trials, and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses in the conduct of the suits", in that Carey gave a false statement to appellant's agent on September 20, 1960, in effect that prior to the accident the automobiles were not being "drag-raced" by a pre-arranged agreement. Carey later admitted on May

12, 1961 that the automobile was being raced just prior to the accident, but explained that at the time of the accident the "drag-race" was over.

The evidence was undisputed that two cars, one driven by Donald Cofield in which David Cofield, deceased, was riding, and the other driven by Carey Johnson, had three "drag-races" on the day David was killed. Appellee's evidence shows that at the time of the accident all racing was over and that the boys were going their separate ways, when the car driven by Donald Cofield began to slide on some gravel on the side of the road, crossed the road, hitting an embankment, throwing David from the car and injuring him, as a result of which he died.

A witness for appellant testified that she saw the two cars stop in front of her house, and take off down the road together going side by side pretty fast, finally one car getting ahead of the other. Another witness stated that he saw the cars come up and stop, and start suddenly, attaining a rapid rate of speed until out of sight. This was shortly before David Cofield was killed, which occurred about one-half mile from where the witness observed the cars.

It will be decisive of the case at bar to determine from the evidence whether there was any racing at the *time* of the accident, because if the boys were not racing at that time, although they may have been some time during that day, the statement by Carey Johnson that there had been no racing would be immaterial and not a breach of the "co-operation" clause; and of course, the accident would not have occurred "while the automobile is operated in a pre-arranged race or competitive speed test".

■ The principle is clearly enunciated in the cases that to constitute a breach of a "co-operation clause" of a liability insurance contract the lack of co-operation must be in some substantial and material respect. See George v. Employers' Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438, wherein it was held that the insured's failure to come to trial from another state at his own expense was not a breach of the "co-operation clause"; and in Alabama Farm Bureau Mut. Casualty Ins. Co. v. Teague, 269 Ala. 53, 110 So.2d 290, it was held that the insured's admitted sympathy for the opposing party did not amount to a breach of the "co-operation clause".

■ In the case at bar if the boys were not racing their automobiles at the time of the accident, it must necessarily follow, that any statement by Carey Johnson that they had not been racing that day would be immaterial and entirely inconsequential to appellant's investigation of the accident, and would therefore not constitute a breach of the "co-operation clause" in the contract of insurance. After a close reading of the entire record, it is manifest that the overwhelming proof is that there was no racing between the automobiles at the time of the accident. Indeed, there is no evidence to the contrary. All the witnesses observing stated there was no racing at the time of the accident. Therefore, the withholding of the fact of racing that day would not permit the insurer to avoid liability, this being immaterial.

Appellant, in brief, cites the case of Alabama Farm Bureau Mut. Cas. Ins. Co. v. Mills, 271 Ala. 192, 123 So.2d 138, as controlling on the question before the court. We do not so regard it. There the misstatement was to the effect that a blow-out had caused the wreck, whereas in reality excessive speed on a muddy road had been the cause. The false statement consisting of a highly material fact was of, or concerning matter leading to or directly causing the accident. Here, the false statement as to the racing was not of or concerning matters leading to or directly causing the accident, because the great weight of the evidence showed that the racing was over at a time before the automobile was wrecked. Thus the Mills case would, while being a correct statement of law, not be applicable here, the false statement of instant concern not being of a material or substantial nature.

It therefore appearing that appellant has failed to establish either aspect of the bill, the cause must fail for want of proof, the burden being upon the complainant to prove the allegations of the bill. Employers' Ins. Co. of Ala. v. Brock, 233 Ala. 551, 172 So. 671; U. S. Fidelity & Guaranty Co. v. Remond, 221 Ala. 349, 129 So. 15.

The judgment of the lower court denying appellant relief was without error.

Affirmed.

LIVINGSTON, C. J., and MERRILL, and HARWOOD, JJ., concur.