A declaratory judgment was rendered in favor of the plaintiff, Standard Fire Insurance Company of Alabama (Standard Fire), and against the defendants (the Greens), holding that Standard Fire was not obligated to pay any sum to the defendants, nor to defend any suits against them arising out of an automobile accident, because the defendants' insurance policy had been cancelled prior to the date of the accident. We affirm in part, reverse in part and remand.
On February 6, 1978 Standard Fire issued a policy of automobile comprehensive, collision and liability insurance to Sylvester and Linda Green. The policy had a expiration date of February 6, 1979. On November 14, 1978 a notice was mailed to the Greens at the proper address stating that their policy was being cancelled effective November 26, 1978. On December 6, 1978, Linda Green was involved in a car accident which would be covered by the policy if it were still in effect.
Standard Fire brought a declaratory judgment action in the Shelby County Circuit Court on February 8, 1979, claiming that it had no obligation to pay any claims to the Greens or to defend any suits against them under the cancelled policy. The Greens filed a counter-claim asserting that they were covered by the policy at the time of the accident. Ford Motor Credit Company, a lienholder on the Green's car, consented to a judgment against it in favor of the plaintiff.
At trial after the plaintiff had presented its evidence, the defendants moved for a directed verdict, which motion was denied. The defendants presented no further evidence. The trial court then rendered judgment in favor of the plaintiff, finding that Standard Fire was not obligated to pay any sum to the Greens nor to defend any suits arising out of the automobile accident in question. The defendants moved for a new trial or in the alternative for a judgment notwithstanding the verdict, both of which were denied. This appeal ensued.
Standard Fire filed a motion to strike a portion of the reply brief filed by the defendants with this Court on the ground that the reply brief contains material outside the record. In their reply brief the defendants included two documents which were not in evidence, but which they contended were examples of possible reasonable inferences of what the cancellation notice sent to the defendants and an insurance statement received by the defendants must have resembled. Although the defendants clearly stated in brief that these documents were not in evidence and thus did not attempt to deceive the Court, it is well settled in Alabama that an appellate court will not consider matters outside the record. American Benefit LifeInsurance Co. v. Ussery, Ala., 373 So.2d 824 (1979). This Court is limited to a review of the record alone and "the record cannot be changed, altered or varied on appeal by statements in briefs of counsel, nor by affidavits or other evidence not appearing in the record." Cooper v. Adams, 295 Ala. 58,322 So.2d 706 (1975). Since the evidence *Page 674 
here was improperly submitted, the plaintiff's motion to strike is hereby granted and the proffered evidence will not be considered.
It is clear that when an insurer seeks judgment declaring that it is not required to defend in a pending lawsuit growing out of an automobile accident, the insurer has the burden of proving the allegations of its complaint. Alabama Farm BureauMutual Casualty Insurance Co. v. Cofield, 274 Ala. 299,148 So.2d 226 (1962). The primary issue here is whether the plaintiff met its burden of proving that the liability portion of the insurance policy in question was effectively and legally cancelled.
Code of 1975, § 27-23-21, reads as follows:
 (a) No notice of cancellation of a policy of automobile liability insurance shall be effective unless it is based on one or more of the following reasons:
(1) Nonpayment of premium;
. . . .
 (b) This section shall not apply to any policy of automobile liability insurance which has been in effect less than 60 days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy.
Code of 1975, § 27-23-23, continues by stating:
 No notice of cancellation of a policy to which section 27-23-21 applies shall be effective unless
 mailed or delivered by the insurer to the named insured at least 20 days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium, at least 10 days' notice of cancellation accompanied by the reason therefor shall be given. Unless the reason, or reasons, accompany or are included in the notice of cancellation, the notice of cancellation shall state, or be accompanied by a statement, that upon written request of the named insured, mailed or delivered to the insurer not less than 15 days prior to the effective date of cancellation, the insurer will specify the reason, or reasons, for such cancellation.
The policy in question became effective on February 6, 1978 and the cancellation notice was mailed on November 14, 1978. Thus it is clear that the policy had been in effect more than 60 days prior to the time notice of cancellation was mailed.
The defendants correctly urge that in order to prove a valid cancellation of an automobile liability insurance policy the plaintiff must prove that cancellation was based on one of the reasons listed in Code of 1975, § 27-23-21. See AmericanService Mutual Insurance Co. v. Grizzard, Ala.Civ. App.,356 So.2d 191 (1978). The defendants contend that the plaintiff's complaint merely stated that the policy was cancelled "at the agent's request," and that since "at the agent's request" is not a valid ground for cancellation under § 27-23-21, the plaintiff failed to show a valid reason for the cancellation. At trial, however, one Mr. Cahall, testifying for the plaintiff, stated:
 Q (BY MR. TOM ELLIS) My question is: do you know the reason given to all parties who received notice of the cancellation? Do you know that? That is the first question?
A Yes, sir.
Q The next question is: what was the reason?
A Non payment of premium.
Although the attorney for the defendants then objected to the question and the objection was sustained, the general rule in Alabama is that when a question is asked of a witness calling for inadmissible matter, it is mandatory upon the party against whom it is offered to object after the question is asked, but before the answer is given. C. Gamble, McElroy's AlabamaEvidence, § 426.01 (3) (1977). This Court recognizes that in some situations the witness may answer so quickly that the objector does not have a reasonable chance to make his objection. In that situation, however, the proper solution is for the offended party to both object to the answer and to make a motion that the answer be excluded or stricken from the record. See Strickland v. Strickland *Page 675 285 Ala. 693, 235 So.2d 833 (1970); C. Gamble, McElroy'sAlabama Evidence, § 426.01 (3) (1977). No motion to strike the answer was made in this case, and thus there was evidence before the trial court on which it could base a finding that the cancellation was based on nonpayment of premiums which is a valid ground under Code of 1975, § 27-23-21.
The defendants also urge that the liability policy was not effectively cancelled because the notice of cancellation did not clearly state the reason for cancellation nor did it contain a provision that upon written request made not less than 15 days prior to the effective date of cancellation, the insurer would specify the reason for cancellation.
The plaintiff contends that the notice of cancellation provided sufficient notice that the reason for the cancellation was nonpayment of premiums when it stated:
 If the premium has been paid, premium adjustment will be made as soon as practicable after cancellation becomes effective. If premium has not been paid, a bill for premium earned to the time of cancellation will be forwarded in due course.
Such a clause however is not intended to give notice of the reason for cancellation. Rather it is included to inform the insured that in the event there is an unearned premium at the time of cancellation, the insurer will be in the position of a debtor and will be obligated to pay that unearned premium which arose as a consequence of the cancellation. Boston InsuranceCompany v. Rash, 263 Ala. 201, 82 So.2d 177 (1955). That clause could appear on a notice or cancellation regardless of the reason for the cancellation.
Thus, the above-quoted statement in the policy in question was not a statement which gave notice of the reason for cancellation, but was a statement which gave notice that "as soon as practicable after cancellation" the insurance company would "settle up" with the policyholder.
It is well settled in Alabama law that the right of the insurer to cancel an insurance policy is strictly construed and the condition imposed upon it with respect to giving notice of cancellation must be strictly performed. Trans-AmericaInsurance Co. v. Wilson, 262 Ala. 532, 80 So.2d 253 (1955). In this case, the insurer failed to meet the affirmative duty imposed by Code of 1975, § 27-23-23, of giving notice of the reason for the cancellation. There was no language on the notice to inform the insured of the reason for cancellation and there was no statement that the insured provide the reasons therefor. For this reason, the cancellation of the automobile liability policy was ineffective. Thus, the portion of the trial court's decision which held that the plaintiff owed no duty to defend any suits against the defendants arising out of the automobile accident in question must be reversed and remanded to the trial court.
The defendants in their brief concede that the plaintiff did not have to meet the requirements of Code of 1975 §§ 27-23-21,27-23-23 when cancelling the collision and comprehensive coverages since those Code sections specifically apply to automobile liability policies. The defendants however contend that the issues of the comprehensive and collision coverage should also be decided in their favor because the plaintiff did not prove that the Greens were refunded their unearned premiums. The Greens urge that although the plaintiff could cancel these portions of the policy for any reason, the plaintiff, in doing so, had to prove that it refunded the unearned premiums and thus did equity itself. They contend that because there was no such proof, the plaintiff was not in court with "clean hands" and was not entitled to the relief sought.
While this Court recognizes that the maxim "He who seeks equity must do equity" is still a valid principle, Newton v.Roe, 290 Ala. 191, 275 So.2d 135 (1973), it is not clear that any inequity was done in this case. Although the defendants urge that the plaintiff failed to prove that it refunded the defendants' unearned premiums, a careful reading of the defendants' own counterclaim reveals the following statement: *Page 676 
 On about December 7, 1978, the plaintiffs mailed to the defendants a check in the amount of Sixty-four and 23/100 Dollars ($64.23), which represented "a return of unearned premium for the policy in question." Said check, issued by the plaintiffs, has not been accepted by the defendants.
Certainly this Court will take notice of this statement which appeared in the defendants' counter-claim, whether the plaintiff pleaded the payment of unearned premiums or not. Moreover, the defendants raise the defense of "unclean hands" for the first time in brief on appeal. The general rule is that a defense not asserted in the trial court cannot be raised for the first time on appeal. Whitman v. Knapp, 285 Ala. 57,228 So.2d 814 (1969). The defendants had ample opportunity at trial to prove that unearned premiums were not refunded, and failed to do so. For these reasons the portion of the trial court's decision dealing with the collision and comprehensive coverages must be affirmed.
Accordingly, the judgment is hereby affirmed in part, reversed in part and the cause is remanded.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.