[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12245

_____

D.C. Docket No. 2:10-cv-00048-MHT-TFM

AMERICAN SAFETY INDEMNITY COMPANY,

Plaintiff-Appellee,

versus

T.H. TAYLOR, INC., TERRY H. TAYLOR,
MICHAEL L. ROSENBERG and HEIDI M. CHRISTI,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 14, 2013)

Before BARKETT and JORDAN, Circuit Judges, and HODGES,[*] District Judge.

HODGES,  District Judge:

A covered "occurrence" means "an accident" according to the terms of a Commercial General Liability Policy of insurance issued by American Safety Indemnity Company (American Safety) to its insureds, T. H. Taylor, Inc. and Terry H. Taylor (collectively Taylor).

The ultimate question in this action is:  Does an arbitration proceeding brought against Taylor involve a claim of negligent conduct by Taylor (which would equate to an accident) or does the arbitration claim involve intentional wrongdoing by Taylor?[1]  American Safety's duty to defend the claim depends upon the answer to that question, but embedded within it is a preliminary question that is crucial to the case:  In determining the nature of the claims being made against Taylor, the insured, to what extent does Alabama law permit (or perhaps require) the court to look beyond the legal theories of the pleadings in the underlying litigation and examine the operative facts of the case?

---

[*]Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

[1] There is no dispute that the law of Alabama supplies the rule of decision, and under that law the term "accident" is defined as "[a]n unintended and unforeseen injurious occurrence … something unforeseen, unexpected, or unusual."  Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 928 So. 2d 1006, 1011 (Ala. 2005) (internal citations and quotations omitted).

The district court delved into the evidence, decided that the arbitration claim against Taylor is based upon intentional, not negligent or accidental conduct, and entered summary judgment declaring that American Safety has no duty to defend Taylor in the matter.  Taylor appeals.  After de novo review[2] we have determined that the district court was correct and the judgment will be affirmed.

I

In December, 2007, Taylor as a general contractor entered into a Construction Agreement with a couple (the Owners) to build a residential home in Montgomery, Alabama, for a contract price of $756,099.00.  Change orders during the work increased the price to $762,197.00.  The Owners financed the project by securing a mortgage loan line of credit from Regions Bank.  As the construction work progressed, Taylor obtained periodic draws or payments from the Bank based upon certifications by Taylor stating the percentage of completion of the work and assuring that all potential lien holders had been paid to date.

In December, 2008, work on the project was suspended on order of the Owners.  Construction at that time was only 80% complete, yet Taylor had been paid $731,459.00, or roughly 96% of the total price with the change orders.

---

[2] This court reviews de novo the district court's entry of summary judgment, viewing the record and drawing all reasonable inferences in a light most favorable to the non-moving party. HR Acquisition I Corp. v. Twin City Fire Ins. Co., 547 F.3d 1309, 1313-1314 (11th Cir. 2008) (citing Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002)).

Additionally, there were unpaid subcontractors and materialmen who were owed $69,083.81, and it was estimated that it would cost approximately $200,000.00 to complete the project.

In 2009, three lawsuits were filed by lien claimants against Taylor and the Owners in Alabama state court.[3]  The cases were consolidated, and the Owners then filed a cross claim against Taylor.  Under the heading "Fraud," the cross claim alleged that Taylor "misrepresented material facts willfully, maliciously, innocent [sic] or by mistake, which was known or should have been known to Taylor . . . ."  The cross claim continued:

> Specifically, in order to receive an advance on the construction loan, it was represented that the completion of the construction of the residence was further advanced than it actually was, that all subcontractors or other persons furnishing labor, materials or equipment in the construction of said residence had been paid in full for monies paid to date, and that the proceeds of the requested advance will [sic] be used to pay the bills currently due and for no other purposes.
>
> ****
>
> At the time [Taylor] made the representation . . . said representations were false and [Taylor] knew such representations were false.

---

[3] Taylor was sued in all three cases.  The Owners were named defendants in two of the suits.

After the filing of the cross claim, the Alabama court ruled that the dispute between Taylor and the Owners was subject to arbitration.  The Owners then filed an "Arbitration Complaint" against Taylor that did not expressly identify any legal cause of action or theory of recovery, and omitted any reference to misrepresentations, falsity or fraud.  The pleading merely alleged that Taylor "presented" requests for payment and received approximately $730,000.00 whereas "Regions Bank states [that] only $632,239.00 worth of work was completed."

Taylor tendered the defense of the arbitration proceeding to American Safety, but American Safety declined any duty to defend and instituted this action seeking a declaratory judgment justifying that position.[4]

## II

The courts – including the Alabama courts – universally recognize that under a general liability insurance policy, the insurer's duty to defend the insured against third party claims is broader or more extensive than the duty to indemnify.

[4] American Safety also sought a declaratory judgment that, in addition to a lack of any duty to defend Taylor, it lacked any duty to indemnify Taylor as well.  The district court correctly declined to consider that claim because it was premature and did not constitute a present case or controversy.  Similarly, a counterclaim by Taylor against American Safety for breach of contract and for bad faith refusal to investigate was correctly rejected by the district court after it concluded that American Safety had no duty to defend the arbitration claim.  There was no breach of contract and, therefore, no bad faith in refusing to perform it.  Besides, the uncontradicted evidence showed that American Safety did investigate the claim and sought the advice of independent counsel before asserting the absence of a duty to defend.  We affirm those rulings without further discussion.

5

Eg., Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 928 So. 2d 1006, 1009 (Ala. 2005); United States Fid. & Guar. Co. v. Armstrong, 479 So. 2d 1164, 1167 (Ala. 1985); Ladner & Co., Inc. v. S. Guar. Ins. Co., 347 So. 2d 100, 102 (Ala. 1977). This is necessarily the law because, in the early stages of litigation (or potential litigation) against the insured, the legal basis of the claim cannot be determined with finality until it is adjudicated. It may be a claim grounded in negligence, which would be a covered risk under the policy, or it may prove to be an intentional tort that is not covered. In such a case the insurance company has a duty to defend even though it may ultimately have no duty to indemnify. Tanner v. State Farm Fire & Ins. Co., 874 So. 2d 1058, 1064-65 (Ala. 1988); Chandler v. Ala. Mun. Ins. Co., 585 So. 2d 1365, 1367 (Ala. 1991); Auto-Owners Ins. Co. v. Toole, 947 F. Supp. 2d 1557, 1561 (M.D. Ala. 1996). Thus, the general rule is that, in deciding whether a duty to defend exists, the courts look to the issue pleadings alleging the claim being made against the insured. Hartford, 928 So. 2d at 1010; Armstrong, 479 So. 2d at 1168. In making that examination the court is not bound by the formal or legalistic characterization of the claim in the pleadings; the court should focus instead upon the facts alleged in support of the claim. Hartford, 928 So. 2d at 1012. If the facts alleged could reasonably support a legal theory of recovery that is an insured risk under the policy, the insurer has a duty to defend the claim. Id. If proof of the facts alleged in the governing pleading would

6

necessarily establish a non-covered intentional tort, the insurer would not be obliged to defend.  See Ladner & Co., Inc., 347 So. 2d at 103.  In the latter case, however, an insurance company acts at its peril in declining a defense.  If the insured is later held liable on the basis of an insured risk, the insurance company would then have the duty to pay both the costs of defense and the claim itself.  Id. at 103-04 (quoting Lee v. Aetna Cas. & Sur. Co., 178 F.2d 750, 752-53 (2d Cir. 1949) and Cadwallader v. New Amsterdam Cas. Co., 152 A.2d 484, 488 (1959)).  See also Travelers Indem. Co. v. General Star Indem.Co., 157 F. Supp. 2d 1273, 1286 (S.D. Ala. 2001).

In applying these principles to this case, the problem presented to the district court was the question of what to do when the underlying pleading – the Arbitration Complaint – did not specify either a legal theory of recovery or allege any detail concerning the operative facts.  Turning to Alabama law for a solution, the district court found ample authority for extending the inquiry beyond the arbitration complaint and examining the available evidence concerning the facts.  See Hartford Cas. Ins. Co., 928 So. 2d at 1010 and Ladner & Co. Inc., 347 So. 2d at 103 (quoting Pacific Indem. Co. v. Run-A-Ford, Co., 161 So. 2d 789, 795 (Ala. 1964)) ("We are of the opinion that in deciding whether a complaint alleges [a covered injury], the court is not limited to the bare allegations of the complaint in the action against [the] insured but may look to facts which may be proved by

7

admissible evidence. . . . .").  See also Perkins v. Hartford Ins. Group, 932 F.2d 1392, 1395 (11th Cir. 1991) ("Generally, the obligation of the insurer to defend its insured is determined by the allegations of the third-party complaint.  When the insurer is uncertain what the complaint of the third-party is alleging, however, it has a duty to investigate the facts surrounding the incident in order to assess its duty to defend.").

The matters examined by the district court in this instance consisted of the allegations of the Owner's cross claim that resulted in the order to arbitrate as well as the claims made by the plaintiffs in the state court litigation, all of which suggested intentional conduct by Taylor.

We find no error in taking that approach in the circumstances of this case. The principal determinant in a duty-to-defend inquiry is the state of the pleadings in the underlying litigation, and here, those pleadings did not cease to exist simply because of a change of forum from the state court to private arbitration.  The arbitration proceeding was ordered by the court and was ancillary to the state court litigation.  It constituted a continuation of the same dispute between the same parties arising out of the same facts.  Additionally, even if the arbitration complaint is viewed as somehow displacing the owner's cross claim as well as the claims made by the plaintiffs in the state court litigation, such that the arbitration complaint became the principal pleading driving the duty-to-defend issue, those

underlying pleadings in the state court would still be admissible evidence with respect to the proper interpretation to be made of the non-specific complaint in arbitration. Those pleadings would not be inadmissible hearsay as they normally would be in other settings. This is because they would not be offered as proof of the truth of the matter asserted, but merely to show that the statement (the claim) was made – and informs the duty to defend issue – whether the allegation of fraud ultimately proves to be true or not.[5] It bears remembering that the court at this juncture is deciding only the duty to defend, not the duty to indemnify. If in fact the claims against Taylor are ultimately adjudicated against Taylor and on the basis of negligence, not an intentional tort, American Safety may well be responsible for the costs of defense and full indemnification of the award.

We also agree with the district court's conclusion that the facts alleged by the pleadings – apart from the conclusory allegations of fraud – strongly infer intentional deception by Taylor. The magnitude of the dollar discrepancies between Taylor's total draws from the bank as compared to the percentage of completion of the project, plus the added factor of the unpaid subcontractors and materialmen, all of which built up over a period of a year, strongly infer knowing deception in the certificates made to the bank. Especially during the latter part of

---

[5] Alabama Rules of Evidence Rule 801(c), patterned after the Federal Rules, expressly limits the definition of hearsay to statements that "a party offers in evidence to prove the truth of the matter asserted in the statement."

that period of time thereby justifying the claim of willful fraud as originally pled by the owners in their cross claim.  American Safety was equally justified – for the same reasons – in declining a duty to defend when the claim moved to arbitration. The district court also noted that Taylor has given no explanation in any of its filings in this action that would tend to refute the intentional nature of its conduct.

Taylor's argument in response is that the approach followed by the district court effectively misapplied the appropriate burden of proof.  Specifically, Taylor contends that when the district court could not resolve the issue on the basis of the arbitration complaint standing alone, it should have given Taylor the benefit of the rule that, in the case of doubt or ambiguity in the application of an insurance policy, the issue is to be resolved in favor of the insured.  Ladner & Co., Inc., 347 So. 2d at 102; Pharmacists Mut. Ins. Co. v. Godbee Med. Distrib., Inc., 733 F. Supp. 2d 1281, 1283 (M.D. Ala. 2010).  Further, Taylor argues that in moving for summary judgment American Safety had the burden of establishing that the underlying claim is one of noncovered intentional conduct, that Taylor had no burden to prove otherwise and, indeed, was entitled as the non-moving party to all reasonable inferences in its favor.  We are not persuaded by these arguments and agree with the district court in rejecting them.

First, while it is generally true in case of doubt or ambiguity in resolving insurance disputes that the insured is entitled to a beneficial resolution of the issue,

that general rule is simply inapplicable to this case.  The Alabama Supreme Court

in multiple decisions involving a duty to defend by an insurer has clearly

established as the law of the state that doubt or ambiguity in the nature of the claim

being made against an insured in underlying litigation does not end with that

determination and a resulting inference in favor of the insured.  Instead, the

reviewing court is directed to go beyond the pleadings and examine the evidence,

and that is precisely what the district court did.  Second, although the action for

declaratory judgment was instituted by American Safety, the burden of persuasion

with respect to the issue of coverage under Alabama law was upon Taylor, the

insured.  Employers Mut. Cas. Co. v. Mallard, 309 F.3d 1305, 1307 (11th Cir.

2002) (citing Life & Cas. Ins. Co. of Tenn. v. Garrett, 35  So. 2d 109, 111 (1948)).

See also Universal Underwriters Ins. Co. v. Stokes Chevrolet, Inc., 990 F.2d 598,

602 (11th Cir. 1993) (citing Colonial Life & Accident Ins. Co. v. Collins, 194 So.

2d 532, 535 (1967)).  Taylor's argument to the contrary overlooks the difference

between cases involving coverage issues – whether a claim is covered by the

insuring clauses of an insurance policy – and cases involving either exclusion

issues – whether a claim that might otherwise be covered is expressly excluded, or

that coverage is defeated by other defenses such as policy lapses or failure of the

insured to cooperate in the investigation of the claim.  If the question involves

coverage as in this case where the policy covers "an accident," the burden is on the

11

insured to prove coverage – to prove an accident.  If the question involves the application of an exclusion or an assertion that the policy does not apply for some reason other than the scope of coverage, the burden is on the carrier.  For example in Green v. Standard Fire Ins. Co. of Alabama, 398 So. 2d 671 (Ala. 1981), the insurer was seeking a declaratory judgment that it had no obligation to pay any claims or defend any suits because the insured had effectively and legally canceled the policy by failing to pay the premiums.  In other words the insurance company was not trying to prove (or disprove) whether the automobile accident was covered by the policy, but rather that the policy was no longer in force (i.e., in the nature of an exclusion issue).  Similarly, the insurer in State Farm Mut. Auto Ins. Co. v. Boyer, 357 So. 2d 958 (Ala. 1978) sought a declaratory judgment that it had no duty to defend an automobile accident claim because of a proviso to the coverage clause in the nature of an exclusion; and in Alabama Farm Bureau Mut. Cas. Ins. Co. v. Cofield, 148 So. 2d 225 (1962), the insurance company sought declaratory relief that it was not obligated to defend a pending action because the insured violated the "cooperation clause" contained in the policy.  The coverage clause was not an issue.  And in State Auto Mut. Ins. Co. v. McIntyre, 652 F. Supp. 1177 (N.D. Ala. 1987) an insurer sought a declaratory judgment that it did not have to provide coverage or defend the insured in a personal injury action arising from the

12

insured's sexual abuse of his granddaughter because the abuse fell within the "intended and expected injuries" exclusion contained in the policy.

Numerous other cases in Alabama illustrate this dichotomy in Alabama law, both in declaratory judgment actions by insurers and coverage actions by insureds. See, e.g., Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co., 817 So. 2d 687, 697 (Ala. 2001) (declaratory judgment action by insurer: "Twin City [the insurer] has the burden of proof in asserting that a claim is excluded under its policy of insurance"); Acceptance Ins. Co. v. Brown, 832 So. 2d 1, 12 (Ala. 2001) (bad faith breach of duty to defend action brought by insureds: "In general, the insurer bears the burden of proving the applicability of any policy exclusion."); State Farm Fire and Cas. Co. v. Shady Grove Baptist Church, 838 So. 2d 1039, 1043 (Ala. 2002) (an action for coverage by insured for collapse of a roof in which the insurance company moved for judgment as a matter of law that the roof collapse was not covered under the policy. The court noted that the insured had the burden of presenting substantial evidence showing that the collapse fell within the coverage definition of "collapse" contained in the policy.); Colonial Life & Accident Ins. Co. v. Collins, 194 So. 2d 532, 535 (Ala. 1967) (beneficiary brought suit for coverage in a life insurance policy: "The burden was on the plaintiff to prove that the insured's death resulted from injuries sustained in such a manner as to bring him within the coverage of the policy.").

13

Finally, allocation of the burden of persuasion was compounded against Taylor in this instance because Taylor was defending a motion for summary judgment.  While it is correct under Rule 56 of the Federal Rules of Civil Procedure that the non-moving party is entitled to all favorable inferences to be drawn from the evidence in determining whether a genuine issue of fact exists, once the movant has demonstrated that the facts of record warrant judgment in its favor, the party having the burden of proof at trial must come forward with evidence and argument to sustain that burden.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986); Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011).  Taylor did not do so.

It follows that the district court was correct in examining the evidence and concluding that American Safety has no duty to defend the arbitration claim against Taylor.

It bears mentioning, however, that like the Supreme Court of Alabama in Ladner & Co., Inc. v. S. Guar. Ins. Co., supra, we are comforted in the result at this stage of the ongoing litigation by the fact that American Safety is acting at its peril. The duty to indemnify remains undecided, and if it evolves that the claim against Taylor is decided in a way that triggers coverage under the policy at issue, the decision made today will be moot.

AFFIRMED.

JORDAN, Circuit Judge, dissenting.

I respectfully dissent from the majority's ultimate conclusion that there was evidence of intentional conduct by Taylor to permit summary judgment in favor of American Safety. I agree that under Alabama law the district court was permitted to look beyond the allegations of the arbitration complaint and could "look to facts which may be proved by admissible evidence. . . ." Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 928 So. 2d 1006, 1010 (Ala. 2005). In this case, however, American Safety did not present any *admissible* evidence (by way of an affidavit, a deposition, or an admissible exhibit) showing that Taylor acted intentionally. Instead, the district court exclusively relied on the allegations in a prior cross-claim filed by the owners to determine that the conduct alleged in the arbitration complaint (also filed by the owners) was necessarily intentional.

In my view, these prior allegations are not evidence. They are allegations that, for whatever reason, were not reasserted by the owners in the arbitration complaint. As such, they should not be credited over the arbitration complaint or relied upon as established facts. See, e.g., Graves v. Cruse-Crawford Mfg. Co., 82 So. 452, 452 (Ala. 1919) ("Pleadings in other cases . . . are not evidence against him."); Hicks v. Jackson County Comm'n, 990 So. 2d 904, 905 (Ala. Civ. App. 2008) ("Such statements by counsel in pleadings are not evidence"); Radford v.

15

Radford, 917 So. 2d 155, 156 (Ala. Civ. App. 2005) ("[H]is complaint, accompanied by his sworn statement as to the truthfulness of its contents, is not evidence."). Cf. State v. Atl. Coast Line R. Co., 81 So. 60, 64 (Ala. 1918) ("[M]ere formal pleadings, which are framed by counsel for the purposes of a particular case, are not admissible against a party in another proceeding as admissions of the facts recited.").

At most, we have the non-proven allegations of one pleading (the cross-claim) juxtaposed against the non-proven allegations of another pleading (the arbitration complaint). This is not the stuff from which summary judgment can be entered.

On this record there remains a possibility that Taylor acted unintentionally, and, as a result, American Safety has a duty to defend until it is clear that Taylor acted intentionally. See Bankers Fire & Marine Ins. Co. v. Leech, 189 So. 2d 913, 916 (Ala. 1966) ("By a long line of decisions we have held that insurance policies should be liberally construed in favor of the insured and strictly against the insurer . . . , and, also, in the same case, that ambiguities should be resolved in favor of the insured.") (citation omitted). This is especially true given that Alabama recognizes the tort of negligent misrepresentation. See Lawson v. Harris Culinary Ent., LLC, 83 So. 3d 483, 492 (Ala. 2011) ("'[L]egal fraud' includes misrepresentations of

16

material fact made 'by mistake or innocently' as well as misrepresentations made 'willfully to deceive, or recklessly without knowledge.'") (citation omitted).